Russell Gene STILES, Appellant,

v.

STATE of Oklahoma, Appellee.

No. PC–94–1126.

Court of Criminal Appeals of Oklahoma.

Sept. 14, 1995.

William R. Foster, Jr., Assistant Appellate Indigent Defender, Capital Post–Conviction, Norman, for petitioner on appeal.

William Lunn, Timothy Harris, Assistant District Attorneys, Tulsa, for State at trial.

Susan Brimer Loving, Attorney General, A. Diane Blalock, Assistant Attorney General, Oklahoma City, for respondent on appeal.

## OPINION AFFIRMING DENIAL OF POST–CONVICTION RELIEF

CHAPEL, Vice Presiding Judge:

Russell Gene Stiles appeals from an order of the District Court of Tulsa County denying his application for post-conviction relief in Case No. CRF–85–3251. Stiles was convicted by jury of one count of Murder in the First Degree while in the commission of Robbery With a Dangerous Weapon, felony-murder, 21 O.S.1981, § 701.7(B), and sentenced to death. This Court affirmed Stiles' Judgment and Sentence.[1] Stiles is now before us on appeal from the District Court's October 13, 1994, denial of his Application for Post–Conviction Relief.

■ The Post–Conviction Procedure Act[2] outlines procedures for a defendant to challenge a conviction and sentence after resolution of the direct appeal. The Act is not intended to provide a second appeal.[3] This Court will not consider an issue which was raised on direct appeal and is therefore barred by *res judicata,* nor will we consider an issue which has been waived because it could have been raised on direct appeal but was not.[4] We will not address Stiles' propositions which are barred by common law principles of waiver or *res judicata.*[5]

1. *Stiles v. State,* 829 P.2d 984 (Okl.Cr.1992). Stiles filed neither a petition for rehearing to this Court nor a petition for writ of certiorari to the United States Supreme Court.

2. 22 O.S.1991, §§ 1080 *et seq.*

3. *Thomas v. State,* 888 P.2d 522, 525 (Okl.Cr. 1994); *Fox v. State,* 880 P.2d 383, 385 (Okl.Cr. 1994).

4. *Castro v. State,* 880 P.2d 387, 388 (Okl.Cr. 1994); *Nguyen v. State,* 844 P.2d 176, 178 (Okl. Cr.1992), *cert. denied,* — U.S. —, 113 S.Ct. 3006, 125 L.Ed.2d 697 (1993); *Rojem v. State,* 829 P.2d 683, 684 (Okl.Cr.), *cert. denied,* — U.S. —, 113 S.Ct. 420, 121 L.Ed.2d 343 (1992).

5. Grounds of error barred by *res judicata* include:

V. The court's failure to instruct the jury that it was the State's burden to prove beyond a reasonable doubt that the defendant was not acting in self-defense violated Mr. Stiles' rights under the Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Article II, § 7 of the Oklahoma Constitution;

X. Improper prosecutorial comments and arguments deprived Mr. Stiles of a fair trial in violation of the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and Article II §§ 7 and 9 of the Oklahoma Constitution; [Stiles complains of one comment not raised on direct appeal. As he fails to show why this ground could not have been raised with the other allegations of prosecutorial error in his appellate briefs, this claim has been waived. This Court considered the claim in conjunction with its review of ineffective assistance of appellate counsel, and finds ap-

In Ground I Stiles claims that the district court failed to review his pleadings before denying his application for post-conviction relief. Stiles acknowledges the gravi-

pellate counsel was not ineffective for failing to raise the issue.]

XI. The court's failure to exclude evidence attempting to show that Mr. Stiles committed another crime prejudiced Mr. Stiles' right to a fair trial in violation of the Eighth and Fourteenth Amendments to the United States Constitution;

XII. Because the trial court unduly restricted defense counsel's cross-examination of witnesses critical to the State's case in both stages of Mr. Stiles' trial, Mr. Stiles was denied his rights to confrontation and due process of law secured by the United States Constitution and similar provisions of the Oklahoma Constitution;

XIII. Mr. Stiles' lack of notice of the evidence that was presented in aggravation deprived him of his constitutional rights under the Fifth, Sixth, Eighth and Fourteenth Amendments;

XIV. Mr. Stiles' death sentence must be reversed because his Sixth, Eighth, and Fourteenth Amendment rights were violated by an unreliable in-court identification;

XVIII. The trial court's failure to order a night's continuance between the close of the evidence at the second stage and deliberations deprived Mr. Stiles of his Sixth, Eighth and Fourteenth Amendment rights.

Grounds of error barred by waiver include:

VI. Because the trial court precluded Mr. Stiles from receiving vital assistance from a psychiatrist in preparing his defense, Mr. Stiles was deprived of his rights to due process of law, a fair trial, and to be free from cruel and unusual punishment under the constitutions of the United States and the State of Oklahoma;

VII. The State of Oklahoma's policy of systematic underpayment of defense experts and systematic withholding of funds necessary to retain a mitigation expert and defend a case deprived Mr. Stiles of his right to due process and equal protection under the United States Constitution's Fourteenth Amendment and his Eighth Amendment right to fair treatment when being exposed to the possibility of the death penalty;

XVI. Reversible error occurred under the Eighth and Fourteenth Amendments when the prosecution presented unadjudicated offenses allegedly committed by Mr. Stiles to support the continuing threat aggravator;

XVII. Evidence presented to support both the "continuing threat" and the "previous conviction for a felony involving the use or threat of violence" aggravating circumstances overlapped to such an extent that the jury was prevented from giving Mr. Stiles individualized consideration in determining his sentence as required by the Eighth and Fourteenth Amendments to the United States Constitution;

ty of this charge. Stiles' argument focuses on the similarities between the court's Order denying relief and the State's brief in response to his application.[6] While many pas-

XIX. Mr. Stiles' conviction and sentence of death must be vacated because his absolute right to testify in his own defense was denied him in violation of his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution; [This Court recently held that the rubric of allocution affords a defendant no constitutional right to address the jury in the second stage of a capital case. *Mitchell v. State*, 884 P.2d 1186, 1204–05 (Okl.Cr.1994). Appellate counsel was not ineffective for failure to raise this issue.]

XX. Mr. Stiles was denied his constitutional rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments because no adequate standards and procedures limit prosecutorial discretion in determining cases appropriate for seeking the death penalty. This runaway discretion results in arbitrary, discriminatory, and unfair imposition of the death penalty; and

XXI. Lethal injection is cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

Ground barred by *res judicata* or waived:

IX. The trial court improperly questioned prospective jurors about their ability to impose the death sentence and thus violated Mr. Stiles's rights under the Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and Article II, §§ 7, 9 and 20 of the Oklahoma Constitution. [Stiles did not raise this ground on direct appeal but this Court did address it. *Stiles*, 829 P.2d at 988. This Court misstated the law when it noted that the "violence to conscience" question was proper. In fact, this Court has specifically disapproved this question but held that the error was not reversible where jurors who answered in the negative were also asked whether their reservations were such that regardless of the law, facts, and circumstances they could not inflict the death penalty. *Duvall v. State*, 825 P.2d 621, 630 (Okl.Cr.1991), *cert. denied*, —— U.S. ——, 113 S.Ct. 224, 121 L.Ed.2d 161 (1992); *Banks v. State*, 701 P.2d 418, 421–24 (Okl.Cr.1985). As this question was asked of each juror here who was excused for inability to impose the death penalty, any error was cured. Appellate counsel was not ineffective for failing to raise this issue.]

6. The most striking similarity is the numbering and titles of propositions of error. Stiles' brief as preserved in the record before this Court contains twenty grounds of error. (PC O.R. Vol. 2 160–298). Grounds VI, VII, and VIII discuss underpayment and underfunding of indigent defense experts, purposeful discrimination in voir dire, and improper questioning of the jury venire, respectively. (PC O.R. Vol. 2 207–217). The State's brief without explanation responds to

sages are similar, there are also significant differences in the two documents.[7] More to the point, Stiles fails to show how the similarities support his position. If the Order corresponded exactly with the State's response, it would indicate only that counsel for the State prepared the Order. So what? This Court will not presume under such circumstances that the trial court has failed to give an application the full and fair consideration required of it, irrespective of who prepared the Order; the record before us shows that Stiles received such consideration here. This claim must fail.

Stiles alleges ineffective assistance of appellate counsel in Ground II. This claim is properly before us as this is the first opportunity Stiles has had to raise the issue of effectiveness of appellate counsel. If we find ineffective assistance of appellate counsel, the procedural bars of *res judicata* and waiver will not apply to the issues raised in the claim of ineffective assistance.[8]

 To prevail on a claim of ineffective assistance of counsel Stiles must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) the reasonable probability that, but for counsel's errors, the results of the proceedings would have been different.[9] Appellate counsel is required to raise relevant issues for this Court to consider and address, but need not raise every non-frivolous issue.[10] Where a claim of ineffective assistance can be disposed of through lack of prejudice this Court need not determine whether counsel's performance was deficient.[11]

Stiles claims appellate counsel was ineffective for failing to raise issues in nine enumerated categories, and for failing to adequately argue issues in five other areas. Relying on *Mann*,[12] he argues that appellate counsel inadequately challenged (1) the constitutionality of the continuing threat aggravating circumstance, (2) the in-court identification made in the trial's second stage, (3) instances of prosecutorial misconduct, (4) Stiles' right to confrontation, and (5) the lack of notice of other crimes evidence in the Bill of Particulars.[13] This Court recently confirmed that post-conviction review does not afford an op-

---

grounds numbered VI–VIII which correspond to grounds IX, X and XI. In contrast, the court's Order states: "The Court has renumbered the grounds in petitioner's application because the application skips grounds six, seven, and eight." (Order at 8, n. 5, PC O.R. Vol. 3 372). This Court's review finds that Stiles' original Grounds VI–VIII were raised but not addressed below, just as they are raised in Stiles' brief to this Court. This Court has reviewed these claims. We find that Ground VI below (corresponding to Ground VII on appeal) was waived, and Ground VIII below (corresponding to Ground IX on appeal) was either waived or barred (see n. 5 above). We address the claim raised in Ground VII below in our discussion of Ground VIII, *infra*.

7. For example, the trial court's Order differs structurally from the State's brief. The Order's discussion of *res judicata* and waiver principles does not correspond to the State's brief (Order at 7, PC O.R. Vol. 3 371). No language in the State's brief parallels the Order's analysis of Stiles' claims of ineffective assistance (Order at 9–10, PC O.R. Vol. 3 373–74). The Order's discussion of Stiles' request for a mitigation expert has no corresponding passage in the State's brief (Order at 14, PC O.R. Vol. 3 378).

8. *Castro v. State,* 880 P.2d 387, 388 (Okl.Cr. 1994); *Mann v. State,* 856 P.2d 992, 994 (Okl.Cr. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1869,

128 L.Ed.2d 490 (1994); *Nguyen,* 844 P.2d at 179–180.

9. *Castro,* 880 P.2d at 388–89; *Fox,* 880 P.2d at 386; *Mann,* 856 P.2d at 994; *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

10. *Williamson v. State,* 852 P.2d 167, 169 (Okl. Cr.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2122, 128 L.Ed.2d 677 (1994); *Moore v. State,* 809 P.2d 63, 65 (Okl.Cr.), *cert. denied,* 502 U.S. 913, 112 S.Ct. 313, 116 L.Ed.2d 255 (1991).

11. *Castro,* 880 P.2d at 389; *Blake v. State,* 765 P.2d 1224, 1225–26 (Okl.Cr.1988); *Strickland,* 466 U.S. at 696, 104 S.Ct. at 2070.

12. 856 P.2d at 994.

13. Stiles also argues separately in Ground XV that appellate counsel was ineffective for failing to adequately challenge the continuing threat aggravating circumstance. This ground of error appears to duplicate exactly Ground II(2)(e). Recent cases do not support Stiles' claim that intervening law confirms this aggravating circumstance is standardless. If anything, this Court's cases decided since Stiles' direct appeal have limited instances in which this circumstance is appropriate. *Malone v. State,* 876 P.2d 707, 717–18 (Okl.Cr.1994).

portunity to reassert claims "in hopes that further argument alone may change the outcome in different proceedings."[14] When submitted on direct appeal, these issues were argued and supported with relevant authority sufficient to raise them for this Court's consideration.[15] A thorough review of these claims shows none of these issues was inadequately raised or inartfully argued.[16]

Eight of the nine claims of ineffective appellate assistance are also raised separately as grounds of error in Grounds IV, IX, VII, XX, XVI, XXI, XVII, and VI (see n. 5 *supra*). We have carefully considered each of these issues. Without addressing each on its merits, we find that none of them meet both requirements of *Strickland.* Appellate counsel was not ineffective in failing to raise these issues.

 In Ground II(1)(a) and Ground III Stiles claims trial counsel were ineffective and appellate counsel was ineffective for failing to raise this issue. The claim of ineffectiveness of trial counsel is properly before the Court, as Stiles' appellate counsel supervised and assisted his trial attorneys and was responsible in part for trial strategy. (PC O.R. Vol. 1, Appendix A, Affidavit of Johnie O'Neal, O.R. 20–21). We thus address on the merits both the claim of ineffective assistance of trial counsel and the claim that appellate counsel was ineffective for failing to raise this issue.

 This Court has undertaken a review of trial counsels' performance to determine whether trial counsel were ineffective and to resolve Stiles' claim of ineffective assistance of appellate counsel.[17] Stiles lists fourteen instances in which he claims trial counsel were ineffective. We have carefully considered each of these claims and, without addressing each on the merits, find that they do not meet both *Strickland* requirements. The record, which is sufficient to make a determination without an evidentiary hear-

ing, does not support Stiles' contention that trial counsel were ineffective for failing to investigate and present additional mitigating evidence in the second stage of trial.

Stiles presented a psychiatrist, Dr. Goodman, who testified about Stiles' sanity and mental disorders, previous treatment and incarceration history, and Stiles' likely future behavior if imprisoned for life. The jury was instructed that mitigating evidence indicated that (1) Stiles had no intent to kill, (2) no evidence showed any of his prior victims had been injured, (3) he attacked the victim in this case after firing a warning shot and receiving life-threatening blows to the head, (4) he expressed remorse immediately after the shooting because the victim died, (5) he had a deprived childhood, (6) and he suffered from emotional and mental distress. Several family members aver that, if called, they could have expanded on Stiles' extremely troubled childhood and history of drug abuse and mental disturbance. A mitigation specialist has provided this Court with examples of the evidence she would present on Stiles' behalf. As the district court's Order denying post-conviction relief noted, this mitigation expert would not have been qualified to testify at Stiles' 1986 trial, and nothing in the record before us suggests any similar expert would have been available. This Court has held that it is not *per se* ineffective assistance to fail to present mitigating evidence.[18] Although other counsel might have conducted the case differently, trial counsel operated within the parameters of reasonable professional competence. The affidavits and documents filed with this Court do not support Stiles' contention that trial counsel had no strategic reason for the choice of witnesses in second stage. Trial counsel were not ineffective in preparation and presentation of second stage evidence, and appellate counsel's failure to raise this issue did not amount to ineffective assistance.

---

**14.** *Fowler v. State,* 896 P.2d 566, 569–70 (Okl.Cr. 1995).

**15.** *Id. See also Fox,* 880 P.2d at 386; *Castro,* 880 P.2d at 389.

**16.** *Mann,* 856 P.2d at 994.

**17.** *Fowler,* 896 P.2d at 569, n. 7; *Thomas v. State,* 888 P.2d 522, 525 (Okl.Cr.1994).

**18.** *Thomas,* 888 P.2d at 526. *Cf. Wallace v. State,* 893 P.2d 504 (Okl.Cr.1995) (capital defendant may wholly refuse to present mitigating evidence).

In Ground IV Stiles claims the trial court erred in giving the standard flight instruction in his case. We address this claim, which has not been raised before, because there has been an intervening change in the law. Stiles claims that *Mitchell v. State* [19], which narrowed the circumstances in which the instruction is proper, requires reversal in this case. This Court has clearly stated that *Mitchell* is not retroactive and will not be applied to cases which were final prior to its decision.[20] Stiles is not entitled to relief under *Mitchell,* and this claim is denied.

In Ground VIII Stiles claims the State systematically excluded jurors of Hispanic descent through peremptory challenges to his detriment.[21] This claim has not been raised before, but an intervening change in the applicable constitutional law provides sufficient reason for us to review the issue.[22] The State used all its peremptory challenges. One juror, Roldan, said he was Mexican American. Another, Mendoza, said his father, who was from San Francisco, was Mexican, and his grandparents were from Mexico. The victim here was from Mexico, and the murder occurred at a Mexican restaurant.[23] A party raising a claim of error based on racial discrimination in voir dire must make a *prima facie* showing of intentional discrimination; without this showing there is no need to explain the basis of the challenge.[24] Stiles has not met this requirement—he has established only that the State challenged one Hispanic juror and one juror of Hispanic descent.[25] As Stiles has raised nothing suggesting the State deliberately intended to strike jurors based on racial or ethnic grounds, this proposition must be denied.

We have carefully considered the entire record before us on appeal, including Stiles' application and the District Court's findings of fact and conclusions of law, and find that Stiles is not entitled to relief. The order of the District Court denying post-conviction relief is **AFFIRMED.**

JOHNSON, P.J., and LANE, and STRUBHAR, JJ., concur.

LUMPKIN, J., concurs in results.

19. 876 P.2d 682 (Okl.Cr.1993).

20. *Nguyen v. State,* 879 P.2d 148, 149 (Okl.Cr. 1994); *Rivers v. State,* 889 P.2d 288 (Okl.Cr. 1994).

21. *Powers v. Ohio,* 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991); *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

22. *Jones v. State,* 704 P.2d 1138, 1140 (Okl.Cr. 1985). *Powers* was decided in 1991, after Stiles' direct appeal was at issue. *Batson* was decided on the day Stiles was sentenced. Trial counsel could not be ineffective for failing to raise this issue.

23. The State asked the venire panel generally and twenty-five jurors specifically whether they were familiar with the restaurant.

24. *Batson,* 476 U.S. at 96, 106 S.Ct. at 1723; *Manuel v. State,* 751 P.2d 764 (Okl.Cr.1988), *overruled on other grounds, Green v. State,* 862 P.2d 1271, 1273 (Okl.Cr.1993).

25. The record contains sufficient race-neutral reasons for the State's challenges, had Stiles objected to excusing the jurors. Roldan's son had been prosecuted in juvenile court and he had sat on a jury in a murder trial the previous year. Mendoza emphasized his reliance on the law set forth in the Bible and his belief that the Bible requires that mercy be the dominant force in imposing any criminal sentence.