Ronald Keith BOYD, Appellant,

v.

**STATE of Oklahoma, Appellee.**

No. PC–95–551.

Court of Criminal Appeals of Oklahoma.

April 9, 1996.

E. Melvin Porter, Oklahoma City, for Defendant at trial.

Robert Macy, District Attorney, Ray Elliot, Assistant District Attorney, Oklahoma City, for State at trial.

David Autry, Oklahoma City, for Petitioner on appeal.

W.A. Drew Edmondson, Attorney General, Sandra D. Howard, Assistant Attorney General, Oklahoma City, for Respondent on appeal.

## OPINION AFFIRMING DENIAL OF POST–CONVICTION RELIEF

CHAPEL, Vice Presiding Judge:

Ronald Keith Boyd appeals from an order of the District Court of Oklahoma County denying his application for post-conviction relief in Case No. CRF–86–218. Boyd was convicted by jury of Murder in the First Degree, malice aforethought, 21 O.S.1981, § 701.7(B) (Count I), and Robbery With Firearms, 21 O.S.1981, § 801 (Count II). After finding the aggravating circumstances that Boyd committed the murder for the purpose of avoiding or preventing a lawful arrest or prosecution, that he probably would commit criminal acts of violence that would constitute a continuing threat to society, and that the victim was a peace officer killed in performance of official duty, the jury recommended and the Honorable James L. Gullett imposed a sentence of death on Count I and fifty years imprisonment on Count II.

This Court affirmed Boyd's convictions and sentences,[1] and subsequently denied his petition for rehearing. The United States Supreme Court denied Boyd's petition for writ of certiorari on June 21, 1993.[2] Boyd is now before us on appeal from the Oklahoma County District Court's March 7, 1995, denial of his Application for Post–Conviction Relief.

The Post–Conviction Procedure Act[3] outlines procedures for a defendant to challenge a conviction and sentence after resolution of the direct appeal. The Act is not intended to provide a second appeal.[4] This Court will neither consider an issue raised on direct appeal and therefore barred by *res judicata*, nor will it consider an issue which has been waived because it could have been raised on direct appeal but was not.[5] We will not address Boyd's propositions which are barred by common law principles of waiver or *res judicata*.[6]

---

1. *Boyd v. State*, 839 P.2d 1363 (Okl.Cr.1992).

2. *Boyd v. Oklahoma*, 509 U.S. 908, 113 S.Ct. 3005, 125 L.Ed.2d 697 (1993).

3. 22 O.S.1991, §§ 1080 *et seq.*

4. *Thomas v. State*, 888 P.2d 522, 525 (Okl.Cr. 1994), *cert. denied*, — U.S. —, 116 S.Ct. 123, 133 L.Ed.2d 73 (1995); *Fox v. State*, 880 P.2d 383, 385 (Okl.Cr.), *cert. denied*, — U.S. —, 115 S.Ct. 1318, 131 L.Ed.2d 199 (1995).

5. *Stiles v. State*, 902 P.2d 1104, 1105 (Okl.Cr. 1995), *cert. dismissed*, — U.S. —, 116 S.Ct. 1257, 134 L.Ed.2d 206 (1996); *Castro v. State*, 880 P.2d 387, 388 (Okl.Cr.1994), *cert. denied*, — U.S. —, 115 S.Ct. 1375, 131 L.Ed.2d 229 (1995); *Nguyen v. State*, 844 P.2d 176, 178 (Okl. Cr.1992), *cert. denied*, 509 U.S. 908, 113 S.Ct. 3006, 125 L.Ed.2d 697 (1993); *Rojem v. State*, 829 P.2d 683, 684 (Okl.Cr.), *cert. denied*, 506 U.S. 958, 113 S.Ct. 420, 121 L.Ed.2d 343 (1992).

6. Grounds of error barred by waiver include:
 III. The jury received unreliable and misleading evidence that violated Mr. Boyd's rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution; [This Court considered the claim in conjunction with its review of ineffective assistance of appellate counsel, finding appellate counsel was not ineffective for failing to raise the issue.]
 IV. Improper comments and arguments of the prosecution deprived Mr. Boyd of a fair trial in violation of the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and Article II §§ 7, 9 and 20 of the Oklahoma Constitution; [Boyd complains of several comments not raised on direct appeal. As he fails to show why these grounds could not have been raised with the other allegations of prosecutorial error in his appellate briefs, this claim has been waived. This Court considered the claim in conjunction with its review of ineffective assistance of appellate counsel, finding appellate counsel was not ineffective for failing to raise the issue.]
 V. Fundamental and reversible error occurred at trial when the trial court failed to give accomplice corroboration instructions with respect to the testimony of Joe Jackson and Byron Gibbs. [This Court considered this

In Proposition II Boyd argues that appellate counsel was ineffective in 1) failing to raise certain substantive issues on direct appeal; and 2) failing to raise specific instances of ineffective assistance of trial counsel, outlined in Proposition I, on direct appeal. Because this is Boyd's first opportunity to raise the issue of ineffective assistance of appellate counsel, the substantive grounds supporting his claim are not procedurally barred.[7]

 To prevail on a claim of ineffective assistance of counsel Boyd must show 1) counsel's representation fell below an objective standard of reasonableness and 2) the reasonable probability that, but for counsel's errors, the results of the proceedings would have been different.[8] Appellate counsel must raise relevant issues for this Court to consider and address, but need not raise every non-frivolous issue; appellate propositions are adequate if they contain relevant legal arguments supported by pertinent facts and authority.[9] Boyd must establish that appellate counsel failed to raise issues warranting reversal, modification of sentence, or remand for resentencing.[10] Where a claim of ineffectiveness can be disposed of through lack of prejudice this Court need not determine

whether counsel's performance was deficient.[11] In reviewing this claim, we apply a strong presumption that Boyd's counsel's conduct fell within the wide range of reasonable professional assistance; we defer to the strategic decisions of trial and appellate counsel and will assess counsels' legal performance as of the time it was given.[12]

 Boyd first argues appellate counsel was ineffective for failing to raise four meritorious claims: 1) issues arising from two State witnesses' expert testimony; 2) issues regarding an instruction on unadjudicated offenses in the second stage of trial; 3) specific comments alleged to be prosecutorial misconduct, as outlined in Proposition IV; and 4) the issue of accomplice instructions.

Our review of these claims reveals that none of them meet both *Strickland* requirements. First, the record does not support Boyd's claim that the expert witnesses gave unreliable and misleading evidence. Contrary to his assertion, nothing in the materials before the Court suggests that Officer Golightly's testimony was demonstrably false; also, Dr. Choi's testimony is contained entirely within the trial record and is neither groundless nor misleading. The jury in-

claim in conjunction with its review of ineffective assistance of appellate counsel, finding appellate counsel was not ineffective for failing to raise the issue.]
Ground barred by *res judicata:*
I. Mr. Boyd was denied his Sixth and Fourteenth Amendment rights to effective assistance of counsel in both stages of trial. [Insofar as Boyd's particular arguments were not raised on direct appeal, they are waived. Boyd characterizes a Motion for Remanded Evidentiary Hearing On Ineffective Assistance of Counsel for Supplementation of Record on Appeal, filed during the pendency of the direct appeal, as a Motion to Supplement the Record. It was not. This Court considered the Motion as a motion to remand only, and denied it as the assertions it contained did not warrant an evidentiary hearing. *Boyd,* 839 P.2d at 1373, n. 4. The allegations of ineffective assistance raised in that motion were not considered by the Court. The State argues that any allegations raised in Boyd's Petition for Rehearing are barred by *res judicata.* We have previously held that issues properly raised in a Petition for Rehearing differ from issues proper for consideration on post-conviction review. *Moore v. State,* 889 P.2d 1253, 1257 (Okl.Cr.), *cert. denied,* —— U.S. ——, 116 S.Ct. 215, 133 L.Ed.2d 146 (1995). As this Court has not

considered these issues, they are not barred by *res judicata.* Although the district court determined these issues were barred by *res judicata* and we have determined some issues were waived, we consider the allegations as they affect Boyd's claim of ineffective assistance of appellate counsel. See Proposition 2 *infra.* *Fowler v. State,* 896 P.2d 566, 569 n. 7 (Okl.Cr. 1995).]

7. *Robedeaux v. State,* 908 P.2d 804, 806 (Okl.Cr. 1995); *Stiles,* 902 P.2d at 1107; *Sellers v. State,* 889 P.2d 895, 898 (Okl.Cr.1995).

8. *Stiles,* 902 P.2d at 1107; *Fox,* 880 P.2d at 386; *Strickland v. Washington,* 466 U.S. 668, 677–78, 104 S.Ct. 2052, 2059, 80 L.Ed.2d 674 (1984).

9. *Fowler,* 896 P.2d at 569; *Hooks v. State,* 902 P.2d 1120, 1124 (Okl.Cr.1995).

10. *Hooks,* 902 P.2d at 1124.

11. *Stiles,* 902 P.2d at 1107; *Castro,* 880 P.2d at 389; *Strickland,* 466 U.S. at 696–99, 104 S.Ct. at 2068–70.

12. *Strickland,* 466 U.S. at 689–90, 104 S.Ct. at 2065–66; *Sellers,* 889 P.2d at 898.

struction on unadjudicated offenses, while not found in the Oklahoma Uniform Jury Instructions, did not misstate the law. Of the comments cited to support Boyd's claim of prosecutorial misconduct, most are comments on the evidence presented and within the wide latitude afforded for closing argument. One comment was raised and rejected as error on direct appeal.[13] Of the others, only one was met with objection; that comment was arguably based on evidence presented and not in itself reversible, and review of the other comments shows no plain error. Finally, the issue of accomplice instructions (which is based entirely on the trial record) is without merit. Boyd fails to show how witness Gibbs could have been charged as an accomplice or how he was prejudiced by absence of the instruction as to Gibbs, concentrating his argument on witness Jackson. Jackson was originally charged in this case with felony murder, but the trial court sustained his demurrer to the evidence at preliminary hearing, finding no evidence Jackson participated in the underlying felony. Because Jackson had already been charged with the crime and that charge had been dismissed for insufficient evidence, he could not have been charged as an accomplice at the time of trial. Counsel could not be ineffective for failing to request the instruction.

■ Boyd also claims appellate counsel was ineffective for failing to raise ten specific instances of ineffective assistance of trial counsel: 1) failure to adequately cross-examine and impeach Officer Golightly; 2) failure to adequately cross-examine Dr. Choi; 3) failure to use photographs of the crime scene to establish material facts favorable to the defense; 4) failure to adequately cross-examine and impeach Gericke; 5) failure to use available evidence to impeach Jackson's claim he saw Boyd shoot the victim; 6) failure to adequately cross-examine Gibbs; 7) failure to investigate and produce readily available evi-

dence favorable to the defense; 8) failure to introduce Dunn's criminal and substance abuse history; 9) failure to use a crime scene diagram to rebut the State's theory that Boyd shot the victim; 10) failure to offer evidence in the second stage of trial regarding a) an informant's statement; b) evidence Boyd had not been convicted of a violent crime; and c) mitigating evidence.

■ A claim of ineffective assistance of counsel based on matters presented to the trial court and included in the record on appeal should be raised on direct appeal, and is waived if not raised at that time.[14] The facts giving rise to Boyd's first (in part), second, sixth, and eighth (in part) claims of error are contained within the appellate record. These claims could have been raised on direct appeal and have been waived.

Regarding the remaining claims, Boyd argues that trial counsel was ineffective in failing to use information in the State's files and available to him at the time of trial to effectively cross-examine State witnesses or develop facts favorable to the defense. We have carefully considered each of these claims and, without addressing each on the merits, find that they do not raise issues which warrant reversal, modification of sentence, or remand for resentencing. We will not second-guess trial counsel's strategic decisions, which fall within the parameters of reasonable professional competence.[15] Appellate counsel was not ineffective in failing to raise these issues.

■ Boyd also claims trial counsel erred in failing to consult a weapons expert to refute the State's claims regarding the gun identified as the murder weapon. Boyd has not shown that, had counsel obtained expert services to rebut the State's claims, there exists a reasonable probability that the result of the trial would have been different.[16] As

---

13. *Boyd*, 839 P.2d at 1369.

14. *Robedeaux*, 908 P.2d at 808; *Berget v. State*, 907 P.2d 1078, 1082–85 (Okl.Cr.1995).

15. Although counsel did not present mitigating evidence, this Court has held that it is not *per se* ineffective assistance to fail to present mitigating evidence. *Stiles*, 902 P.2d at 1108; *Thomas*, 888

P.2d at 526; *cf. Wallace v. State*, 893 P.2d 504 (Okl.Cr.), *cert. denied*, — U.S. —, 116 S.Ct. 232, 133 L.Ed.2d 160 (1995) (capital defendant may refuse to present mitigating evidence).

16. *Compare Wilhoit v. State*, 816 P.2d 545, 546 (Okl.Cr.1991) (counsel did not use available forensic odontologist to refute bite-mark evidence).

trial counsel was not ineffective in failing to consult an expert, appellate counsel cannot have been ineffective in failing to raise the issue.

In Proposition VI Boyd claims that the use of unadjudicated offenses violated his constitutional rights. Boyd raised on direct appeal, and this Court denied, a similar but unrelated claim of error arising from the use of unadjudicated offenses.[17] Boyd argues this issue is properly before the Court due to intervening law but cites no intervening binding precedent.[18] Having considered this claim in conjunction with its review of ineffective assistance of appellate counsel, this Court finds appellate counsel was not ineffective for failing to raise the issue. Boyd has not shown sufficient reason why this issue was not raised on direct appeal, therefore it is waived.

In Proposition VII Boyd claims that the continuing threat aggravating circumstance as interpreted and applied in this case is unconstitutional. This issue was raised and rejected on direct appeal.[19] Again Boyd argues that recent cases constitute an intervening change in the law, but cites no binding precedent to refute our numerous decisions that this aggravating circumstance is constitutional. This claim is barred by *res judicata*. Boyd also claims in Proposition VII that the evidence was insufficient to support the continuing threat aggravating circumstance. This claim was not raised on direct appeal. We have considered the claim in conjunction with our review of ineffective assistance of appellate counsel, and find appellate counsel

was not ineffective for failing to raise the issue. As Boyd has not shown sufficient reason why this issue was not raised on direct appeal, it is waived.

In Proposition VIII Boyd claims that accumulated error in the foregoing propositions warrants relief. As we have found no error, no accumulated error exists and relief is not warranted.

We have carefully considered the entire record before us on appeal, including Boyd's application and the District Court's findings of fact and conclusions of law, and find that Boyd is not entitled to relief. The order of the District Court denying post-conviction relief is **AFFIRMED.**

JOHNSON, P.J., and LANE and STRUBHAR, JJ., concur.

LUMPKIN, J., concurs in result.

---

**17.** *Boyd*, 839 P.2d at 1370 (claim that the continuing threat aggravating circumstance was proven by unadjudicated crimes which were hearsay and unreliable because the State's witness had "sold" his testimony).

**18.** Boyd cites as support my dissenting opinion in *Paxton v. State*, 867 P.2d 1309, 1332 (Okl.Cr. 1993), *cert. denied*, —— U.S. ——, 115 S.Ct. 227, 130 L.Ed.2d 153 (1994). I have consistently disagreed with the use of unadjudicated offenses to support the continuing threat aggravating circumstance. *See, e.g., Cannon v. State*, 904 P.2d 89, 106 n. 59 (Okl.Cr.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 1272, 134 L.Ed.2d 219 (1996); *LaFevers v. State*, 897 P.2d 292, 308 n. 40 (Okl. Cr.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 820, 133 L.Ed.2d 763 (1996); *Hooker v. State*, 887 P.2d 1351, 1365 n. 43 (Okl.Cr.1994), *cert.*

*denied*, —— U.S. ——, 116 S.Ct. 164, 133 L.Ed.2d 106 (1995); *Hogan v. State*, 877 P.2d 1157, 1167 (Okl.Cr.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1154, 130 L.Ed.2d 1111 (1995); *Paxton*, 867 P.2d at 1325; *see also Rogers v. State*, 890 P.2d 959, 976 n. 35 (Okl.Cr.), *cert. denied*, —— U.S. ——, 116 S.Ct. 312, 133 L.Ed.2d 215 (1995) (citing my dissents on this issue). The federal district court for the Eastern District of Oklahoma has recently found admission of unadjudicated acts to support the continuing threat aggravating circumstance violates due process and injects arbitrariness into capital sentencing proceedings. *Williamson v. Reynolds*, 904 F.Supp. 1529 (E.D.Ok.1995). I concur in today's decision on the basis of *stare decisis*.

**19.** *Boyd*, 839 P.2d at 1370.