**Floyd Allen MEDLOCK, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. PC–96–1081.**

Court of Criminal Appeals of Oklahoma.

Nov. 15, 1996.

Bryan Lester Dupler, Sandra Mulhair Cinnamon, Appellate Defense Counsel, Capital Post–Conviction Division, Oklahoma Indigent Defense System, Norman, OK, for petitioner on post-conviction appeal.

### ORDER DENYING APPLICATION FOR POST–CONVICTION RELIEF AND REQUEST FOR EVIDENTIARY HEARING

CHAPEL, Vice Presiding Judge:

Floyd Allen Medlock pleaded guilty to First Degree Murder, in violation of 21 O.S. 1991, § 701.7, before the Honorable Edward C. Cunningham in Canadian County District Court. The district court accepted Medlock's guilty plea and, after a sentencing hearing, sentenced Medlock to death. Medlock filed an application to withdraw his plea, which the district court denied. Medlock appealed to this Court. The Court affirmed the district court's denial of Medlock's application to withdraw his plea and affirmed his death sentence.[1] The Court denied Medlock's petition for rehearing. The United States Supreme Court denied Medlock's petition for certiorari.[2]

 On September 6, 1996, Medlock filed an Application for Post–Conviction Re-

lief and Request for an Evidentiary Hearing with this Court.[3] In his application for post-conviction relief, Medlock may only raise issues that: "(1) [w]ere not and could not have been raised in his direct appeal; and (2) [s]upport a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent."[4] This Court shall not consider issues previously raised in Medlock's direct appeal because those issues are barred from reconsideration under the doctrine of *res judicata*.[5] Nor shall this Court consider those issues that Medlock has waived by failing to raise such issues in his direct appeal.[6]

In reviewing Medlock's application, this Court shall determine: "(1) whether controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist, (2) whether the applicant's grounds were or could have been previously raised, and (3) whether relief may be granted under this act."[7] The Oklahoma Legislature has determined that, for the purposes of 22 O.S.Supp.1995, § 1089(d)(4), "a ground [for relief that] could not have been previously raised" in a defendant's direct appeal—*i.e.*, a ground for relief that this Court may review on an application for post-conviction relief—is limited to the following circumstances:

(1) . . . a claim of ineffective assistance of trial counsel which requires factfinding outside the direct appeal record, or

(2) . . . a claim contained in an original timely application for post-conviction relief relating to ineffective assistance of appellate counsel and the Court of Criminal Appeals first finds that if the allegations in the application were true, the performance of appellate counsel constitutes the denial

**1.** 887 P.2d 1333 (Okl.Cr.1994).

**2.** —— U.S. ——, 116 S.Ct. 310, 133 L.Ed.2d 213 (1995).

**3.** The Oklahoma Legislature recently revised Oklahoma's capital post-conviction procedure. 22 O.S.Supp.1995, § 1089 (eff. Nov. 1, 1995). Section 1089 requires Medlock to file his application for post-conviction relief directly with this Court. The State is not required to respond to the application.

**4.** 22 O.S.Supp.1995, § 1089(C)(1)(2).

**5.** *Rojem v. State*, 925 P.2d 70 (Okl.Cr.1996); *Moore v. State*, 889 P.2d 1253, 1255 (Okl.Cr.), *cert. denied*, —— U.S. ——, 116 S.Ct. 215, 133 L.Ed.2d 146 (1995); *Fowler v. State*, 896 P.2d 566, 569 (Okl.Cr.1995).

**6.** *Id.*

**7.** 22 O.S.Supp.1995, § 1089(D)(4)(a).

of reasonably competent assistance of appellate counsel under prevailing professional norms. If the court makes this finding the court may consider the claim during the post-conviction proceeding or, if appropriate, during the direct appeal.[8]

Thus, it is evident that both Oklahoma law and fundamental doctrines of judicial economy strictly limit the issues that Medlock may raise and that this Court may review on an application for post-conviction relief. We now turn to the three issues that Medlock has raised in his application for post-conviction relief.

■ In his first proposition of error, Medlock argues that the rulings of both the trial court and this Court deprived him of his right to a 'full and fair hearing on the merits of his claim that trial counsel had a conflict of interest rendering him ineffective during the hearing on his application to withdraw his plea. Medlock raised this issue in his direct appeal, and *res judicata* and Oklahoma's Post–Conviction Procedure Act bar re-litigation of this question.[9] In his application for post-conviction relief, Medlock states that "if appellate counsel's argument prevented the Court from conducting review of trial counsel's conflict under the controlling constitutional standard, Mr. Medlock has been denied the effective assistance of appellate counsel."[10] This Court has recognized that unartful argument which is persuasive when re-argued may be grounds for a claim of ineffective assistance of counsel.[11] However, in his brief in support of his application, Medlock fails to point to any defect or omission by appellate counsel in raising this issue.

Indeed, appellate counsel's brief was well-researched, well-reasoned and well-argued. While appellate counsel did not prevail in his argument before the Court, he was not ineffective in the method or manner in which he raised the issue. Accordingly, relief is denied under this proposition of error.

■ In his second proposition of error, Medlock argues that his execution violates the Eighth and Fourteenth Amendments of the United States Constitution and Article II, § 9 of the Oklahoma Constitution because he suffers from Multiple Personality Disorder ("MPD"). Medlock did not raise this issue in his direct appeal, and now, in his application for post-conviction relief, Medlock asserts that appellate counsel was ineffective for failing to raise this issue. We disagree.

■ While appellate counsel should raise relevant issues for this Court to review on direct appeal, appellate counsel is not obligated to raise every non-frivolous issue.[12] Under Oklahoma's Post–Conviction Procedure Act, the question is whether "if the allegations in the application were true, the performance of appellate counsel constitutes the denial of reasonably competent assistance of appellate counsel under prevailing professional norms."[13] In addressing issues of the constitutional effectiveness of appellate counsel, this Court has found that a defendant must show that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there exists a reasonable probability that but for counsel's errors the results of the direct appeal would have been different.[14] Where the defendant is not prej-

---

**8.** 22 O.S.Supp.1995, § 1089(D)(4)(b).

**9.** In a footnote, Medlock suggests that an intervening change in the law allows this Court to reconsider this issue. We reject Medlock's claim that there was an intervening change in the law and refuse to consider this proposition of error under both the judicial doctrine of *res judicata* and the post-conviction procedure statutes of this State.

**10.** Application for Post–Conviction Relief and Request for Evidentiary Hearing at 8.

**11.** *Castro v. State,* 880 P.2d 387, 389–90 (Okl.Cr. 1994), *cert. denied,* — U.S. —, 115 S.Ct. 1375, 131 L.Ed.2d 229 (1995).

**12.** *Boyd v. State,* 915 P.2d 922, (Okl.Cr.1996); *Hooks v. State,* 902 P.2d 1120, 1123–24 (Okl.Cr. 1995), *cert. denied,* — U.S. —, 116 S.Ct. 1440, 134 L.Ed.2d 561 (1996); *Stiles v. State,* 902 P.2d 1104, 1107 (Okl.Cr.1995), *cert. dismissed,* — U.S. —, 116 S.Ct. 1257, 134 L.Ed.2d 206 (1996).

**13.** 22 O.S.Supp.1995, § 1089(D)(4)(b)(2).

**14.** *Stiles,* 902 P.2d at 1107. *See Strickland v. Washington,* 466 U.S. 668, 686–87, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984) (to warrant reversal of conviction or sentence due to ineffective assistance of counsel, defendant must show (1) counsel's performance was so deficient that he was not functioning as "counsel" as guaran-

udiced by appellate counsel's failure to raise an issue, this Court need not determine whether counsel's performance in failing to raise such claim was deficient.[15]

██ Here, we find that Medlock was not prejudiced by appellate counsel's failure to argue that it is unconstitutional to execute a person suffering from MPD. The Eighth Amendment's ban on cruel and unusual punishment[16] and Oklahoma law[17] bar the execution of insane persons. Medlock argues that this proscription precludes the State from executing all persons suffering from MPD. Neither the constitution nor state law afford such a broad application of the ban on the execution of persons who are insane. Rather, this bar is applicable only to those persons who are actually insane at the time of execution and that showing is made on a case-by-case basis.

Medlock has failed to make any showing that he is now insane or that he will be insane at the time of his execution.[18] Absent any showing that Medlock is now insane or that at the time of his execution he will be insane, we find that neither relief nor an evidentiary hearing is warranted. We further find Medlock was not prejudiced by appellate counsel's failure to raise this issue. Accordingly, this proposition is denied.

██ In his third proposition of error, Medlock alleges that appellate counsel was ineffective for failing to raise the claim that trial counsel was ineffective because he lost certain medical records relevant to Medlock's mental illness claim. Although it appears that certain medical records were lost during the course of Medlock's sentencing hearing, it is not clear who actually lost the records. Medlock claims that the loss of these records undermined the credibility of his claim that he had long suffered from MPD. While the prosecutor referred to the lost records in challenging Medlock's claim that he suffered from MPD, it is not evident that the lost records were critical in the district court's determination of sentence. We find trial counsel was not ineffective and further conclude that had appellate counsel included this additional alleged error, the result of his appeal would have been the same. Medlock was not prejudiced by appellate counsel's omission. Accordingly, relief is denied.

We have carefully reviewed Medlock's application for post-conviction relief and request for an evidentiary hearing, and find that Medlock is not entitled to relief. The Application for Post–Conviction Relief and Request for an Evidentiary Hearing is **DENIED.**

JOHNSON, P.J., and LANE, J., concur.

LUMPKIN, J., concurs in results.

STRUBHAR, J., recuses.

teed by the Sixth Amendment, and (2) counsel's deficient performance prejudiced the defense).

15. *Stiles,* 902 P.2d at 1107.

16. *Ford v. Wainwright,* 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986); *Fisher v. State,* 845 P.2d 1272, 1276 (Okl.Cr.1992), *cert. denied,* 509 U.S. 911, 113 S.Ct. 3014, 125 L.Ed.2d 704 (1993).

17. 22 O.S.1991, §§ 1005–1008.

18. Although Medlock attached an appendix to his brief, he has not submitted any affidavits or material to show that he is currently insane or that he will be insane at the time of his execution. *See* Rule 9.7(D)(1), (5) & (6), *Rules of the Court of Criminal Appeals,* (to be codified at 22 O.S.Supp.1996, ch. 18, App.).