**Alfred Brian MITCHELL, Petitioner,**

**v.**

**The STATE of Oklahoma, Respondent.**

**No. PC–96–789.**

Court of Criminal Appeals of Oklahoma.

Feb. 25, 1997.

Jeremy B. Lowrey, Appellate Defense Counsel, Capital Post–Conviction, Oklahoma Indigent Defense System, Norman, on appeal, for Petitioner.

***ORDER DENYING APPLICATION FOR POST–CONVICTION RELIEF AND APPLICATION FOR EVIDENTIARY HEARING AND DISCOVERY***

CHAPEL, Presiding Judge:

Alfred Brian Mitchell was tried by jury before the Honorable Daniel L. Owens in the

District Court of Oklahoma County. In Case No. CRF–91–206 he was convicted of First Degree Malice Aforethought Murder in violation of 21 O.S.1991, § 701.7; Robbery with a Dangerous Weapon, in violation of 21 O.S. 1991, § 801; Larceny of an Automobile, in violation of 21 O.S.1991, § 1720; Rape in the First Degree, in violation of 21 O.S.1991, §§ 1111, 1114; and Forcible Anal Sodomy, in violation of 21 O.S.1991, § 886. At the conclusion of the first stage of trial, the jury returned a verdict of guilty. During sentencing, the jury found 1) the murder was especially heinous, atrocious, or cruel; 2) the murder was committed for the purpose of avoiding or preventing a lawful arrest or prosecution; and 3) there was a probability that Mitchell would commit criminal acts of violence that would constitute a continuing threat to society. Mitchell was sentenced to death for the murder conviction and 170 years incarceration for the other crimes. Mitchell appealed his judgments and sentences to this Court and we affirmed.[1] This Court denied Mitchell's petition for rehearing and the United States Supreme Court denied Mitchell's petition for certiorari.[2]

On July 1, 1996, Mitchell filed an Application for Post–Conviction Relief directly with this Court.[3] Under Oklahoma's post-conviction statutes, the only issues that can be raised on post-conviction are those which: "(1) [w]ere not and could not have been raised in a direct appeal; and (2) [s]upport a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent." [4] On review, this Court must determine: "(1) whether controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist; (2) whether the applicant's grounds were or could have been previously raised; and (3) whether relief may be granted...." [5] The Post–Conviction Procedure Act is not intended to provide a second appeal.[6] This Court will not consider an issue which was raised on direct appeal and is therefore barred by **res judicata**,[7] nor will we consider an issue which has been waived because it could have been raised on direct appeal but was not.[8] We will not address Mitchell's propositions which are barred by waiver or **res judicata**.[9]

1. *Mitchell v. State*, 884 P.2d 1186 (Okl.Cr.1994).

2. *Mitchell v. Oklahoma*, —— U.S. ——, 116 S.Ct. 95, 133 L.Ed.2d 50 (1995).

3. 22 O.S.Supp.1995, § 1089 provides that an original application for post-conviction relief shall be filed with this Court rather than the District Court in which the case was tried. The revised capital post-conviction procedures do not require that the State respond to the original Application, and no State response was filed.

4. 22 O.S.Supp.1995, § 1089(C).

5. 22 O.S.Supp.1995, § 1089(D)(4)(a).

6. *Fowler v. State*, 896 P.2d 566, 569 (Okl.Cr. 1995); *Fox v. State*, 880 P.2d 383, 385 (Okl.Cr.), *cert. denied*, —— U.S. ——, 115 S.Ct. 1318, 131 L.Ed.2d 199 (1995).

7. *Moore v. State*, 889 P.2d 1253, 1255 (Okl.Cr.), *cert. denied*, —— U.S. ——, 116 S.Ct. 215, 133 L.Ed.2d 146 (1995); *Fowler v. State*, 873 P.2d 1053, 1056 (Okl.Cr.), *cert. denied*, 513 U.S. 1061, 115 S.Ct. 673, 130 L.Ed.2d 606 (1994); *Mann v. State*, 856 P.2d 992, 993 (Okl.Cr.1993), *cert. denied*, 511 U.S. 1100, 114 S.Ct. 1869, 128 L.Ed.2d 490 (1994); *Walker v. State*, 826 P.2d 1002, 1005 (Okl.Cr.), *cert. denied*, 506 U.S. 898, 113 S.Ct. 280, 121 L.Ed.2d 207 (1992).

8. *Moore*, 889 P.2d at 1255–56; *Fowler*, 873 P.2d at 1056–57; *Johnson v. State*, 823 P.2d 370 (Okl. Cr.1991), *cert. denied*, 504 U.S. 926, 112 S.Ct. 1984, 118 L.Ed.2d 582 (1992).

9. Proposition of error barred by **res judicata** and waiver:

   IV. Admission of *Mitchell's* statement into evidence at trial, where police had failed to advise him of his constitutional rights when he was taken into custody, violated Mitchell's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. [Mitchell raised as error and this Court addressed on direct appeal the issue of whether his confession was a product of coercion due to his youth and inexperience and police conduct. Insofar as those issues were decided they are barred by **res judicata**. Mitchell claims on post-conviction that his statement was admitted without proper custodial warnings under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966). This claim could have been raised on direct appeal and is waived. Reviewing this claim in the context of ineffective assistance of appellate counsel and not the merits of the alleged underlying substantive claim, we find no error as set out in the opinion.]
   Proposition of error barred by waiver:

In Proposition I Mitchell claims that the recent amendments to the Oklahoma capital post-conviction procedures deny equal access to the courts and deprive Mitchell of due process, and that their retroactive application violates the **ex post facto** clause. In *Hatch v. State* [10] we held that the new procedures do not violate the Due Process Clause.[11] We also found no equal protection violation, after determining that post-conviction procedures do not constitute a fundamental right and post-conviction petitioners do not constitute a suspect class.[12] We reject Mitchell's **ex post facto** claim as well. This Court has repeatedly held that the capital punishment statutes are procedural in nature, and we may reweigh evidence,[13] require that a capital jury be instructed on the sentencing option of life without parole,[14] and allow trial courts to admit victim impact evidence [15] without violating the **ex post facto** clause. The collateral review available in post-conviction proceedings is also procedural. Contrary to Mitchell's argument, the changes neither alter nor remove capital petitioners' access to the remedial review provided by statute.[16] This proposition is denied.

In Proposition II Mitchell claims that the "clear and convincing" standard of evidence applied in the trial court's evaluation of his competency to stand trial violates his right to due process. Mitchell bases this claim on *Cooper v. Oklahoma*,[17] in which the United States Supreme Court held that Oklahoma's "clear and convincing" standard of evidence, imposed on a defendant by statute, violated fundamental due process rights. We decline to apply *Cooper* retroactively on post-conviction review.[18] This proposition is denied.

Mitchell claims ineffective assistance of appellate counsel in Proposition III, arguing that appellate counsel failed to claim that a first stage instruction—given over Mitchell's objection—was error. A claim of ineffective assistance of appellate counsel is properly before us if the Court finds that if the allegations were true, the performance of appellate counsel would constitute the denial of reasonably competent assistance of appellate counsel under prevailing professional norms. We analyze these claims using a three-tiered procedural scheme.[19] We first determine whether a petitioner has established that appellate counsel's conduct was deficient under prevailing professional norms. Only then will we consider the substantive claim which appellate counsel allegedly mishandled.

The record shows that appellate counsel did not attack the first stage instruction on direct appeal. Mitchell has thus estab-

II. Mitchell was deprived of his rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution by the trial court's instruction to the jury that permitted the jury to disregard entirely the failure of the police to tape-record a crucial forty-five minute segment of Mitchell's statement. [Reviewing this claim in the context of ineffective assistance of appellate counsel and not the alleged underlying substantive claim, we find no error as set forth in the opinion.]

10. 924 P.2d 284 (Okl.Cr.1996).

11. *Hatch*, 924 P.2d at 291–292.

12. *Id.* at 289–290.

13. *Trice v. State*, 853 P.2d 203 (Okl.Cr.), *cert. denied*, 510 U.S. 1025, 114 S.Ct. 638, 126 L.Ed.2d 597 (1993).

14. *See, e.g., Fontenot v. State*, 881 P.2d 69, n. 2 (Okl.Cr.1994); *Salazar v. State*, 852 P.2d 729, 737–41 (Okl.Cr.1993); *Wade v. State*, 825 P.2d 1357 (Okl.Cr.1992).

15. *Pennington v. State*, 913 P.2d 1356 (Okl.Cr. 1995), *cert. denied*, —— U.S. ——, 117 S.Ct. 121, 136 L.Ed.2d 72 (1996).

16. *Hatch*, 924 P.2d at 292.

17. —— U.S. ——, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996).

18. *Walker v. State*, 933 P.2d 327 (Okl.Cr.1997).

19. *Walker*, 933 P.2d at 333. We (1) determine whether counsel actually committed the act giving rise to the allegation, and (2) if so, ask whether counsel's performance was sufficient under prevailing professional norms. If a petitioner sets forth facts and law enabling us to assess counsel's allegedly deficient performance, we may consider the mishandled substantive claim and (3) determine whether that claim meets the statutory requirements for review under 22 O.S.Supp.1996, § 1089.

lished that the conduct supporting his allegation of ineffectiveness actually occurred, and we ask whether counsel's failure to raise this claim constitutes defective performance under prevailing professional norms. Mitchell presents no facts showing that appellate counsel's judgment was unreasonable under the circumstances, that it did not fall within the wide range of professional assistance, or that counsel breached any duty owed to him.[20] Instead, Mitchell argues the substantive claim, and implies that counsel's failure to raise the claim as he describes it constitutes ineffective assistance of counsel. Mitchell is mistaken. An attorney's failure to raise an arguably meritorious claim on appeal, without proof that the omission was professionally deficient, will not support a finding of deficient performance.[21] Mitchell has not established that counsel's conduct was ineffective, and his substantive claim remains procedurally barred. This proposition is denied.

In Proposition IV Mitchell argues ineffective assistance of both trial and appellate counsel. Mitchell claims they should have argued that his statement should not have been admitted because police failed to administer *Miranda* warnings when he was taken into custody. He also claims trial and appellate counsel were ineffective because they failed to consider that Mitchell's juvenile experiences with police and the criminal justice system made him unable to effectively assert his right to silence.

■ Ineffective assistance of trial counsel claims are properly before the Court only if they require fact-finding outside the appeal record.[22] Mitchell has provided the Court with affidavits to support his claim that Proposition IV requires fact-finding outside the direct appeal record. This material constitutes part of the record before us on post-conviction, and we have reviewed it to determine if this issue must be remanded for a hearing in the district court.[23] Nothing in the affidavits supports a finding that Mitchell's ineffective assistance of trial counsel claim requires fact-finding outside the appeal record. The information Mitchell now sets forth in support of his ineffective assistance of trial counsel allegation was available to appellate counsel, who waived it by not raising it at that time.

■ Turning to Mitchell's Proposition IV claims of ineffective assistance of appellate counsel, the record shows appellate counsel raised neither the issue of *Miranda* warnings nor the argument based on Mitchell's juvenile experience. Thus, the conduct which Mitchell claims was deficient actually occurred and we now ask whether that conduct was deficient. Once again Mitchell argues the substantive claims without offering reasons why counsel's omission of these claims was ineffective. Mitchell does not establish that counsel breached any duties owed to him, or that counsel's judgment was unreasonable under the circumstances or did not fall within the wide range of professional assistance. Mere failure to raise an arguably meritorious claim on appeal does not constitute deficient performance. As Mitchell has not established appellate counsel was ineffec-

---

20. *Walker,* 933 P.2d at 336.

21. *Id.*

22. 22 O.S.Supp.1995, § 1089(D)(4)(b)(1). This Court has held that a claim of ineffective assistance of counsel based on matters presented to the trial court and included in the record on appeal should be raised on direct appeal, and is waived if not raised at that time. *Boyd v. State,* 915 P.2d 922, 926 (Okl.Cr.1996); *Berget v. State,* 907 P.2d 1078, 1082–85 (Okl.Cr.1995), *cert. denied,* — U.S. —, 116 S.Ct. 2505, 135 L.Ed.2d 195 (1996).

23. 22 O.S.Supp.1995, § 1089(D)(4)(b)(1). Material submitted to this Court with the original application for post-conviction relief constitutes the record on post-conviction. Revised Rule 9.7(D), *Rules of the Court of Criminal Appeals,* 22 O.S.Supp.1996, Ch. 18, App., 68 OBJ 413 (Okl. Cr. February 8, 1997). Section 1089(D)(4)(b)(1) clearly implies that material will be presented to this Court for the first time in order to facilitate claims of ineffective assistance of trial counsel requiring fact-finding outside the direct appeal record. This Court need not remand these claims for an evidentiary hearing if our review of the materials presented shows that the material either (1) does not require fact-finding outside the appeal record, or (2) contains no controverted, previously unresolved issues of fact material to a petitioner's confinement. If we determine that either of these conditions exists, we will remand the issue for a hearing in the district court, as required by § 1089(D)(5).

tive in omitting these claims regarding his statement to police, the substantive claims remain barred and are not reviewed on their merits. The Proposition IV claim of ineffective assistance of trial counsel is barred, and the claim of ineffective assistance of appellate counsel, and this proposition, are denied.

Mitchell finally claims in Proposition V that the cumulative effect of the errors presented require a new trial. The allegations of ineffective assistance of trial counsel are barred, and the allegations of ineffective assistance of appellate counsel are denied. Propositions III and IV are otherwise barred by waiver and **res judicata.** Proposition II is denied. Proposition I is without merit. As we find no error, Proposition V is denied.

Mitchell also requests an evidentiary hearing and discovery. Mitchell is not entitled to an evidentiary hearing on post-conviction, but this Court may issue any orders necessary to facilitate post-conviction review if we determine that controverted, previously unresolved factual issues material to the legality of the applicant's confinement may exist.[24] We have reviewed the materials presented in support of this request, and find that no controverted, previously unresolved material issues of fact exist. Mitchell's request for an evidentiary hearing is denied.

Discovery is not required in post-conviction proceedings.[25] Mitchell does not allege that the State withheld any exculpatory evidence or other material it was obliged to disclose at trial. He specifically requests discovery of any official and unofficial Oklahoma City police department policies and procedures on the interrogation of prisoners, as well as the Oklahoma County District Attorney office file on this case. A petitioner seeking post-conviction relief has no right to obtain the prosecution's entire file.[26] Mitchell shows neither that possession of the State's case file is necessary to present any specific issue on post-conviction nor that the Oklahoma City Police Department policies

and procedures exist or contain information relevant to any material, previously unresolved factual issue. Mitchell has neither overcome the presumption of compliance with earlier discovery orders nor shown that this material would have resulted in a different outcome.[27] The request for discovery is denied.

We have carefully reviewed Mitchell's applications for post-conviction relief, discovery and an evidentiary hearing, and find that Mitchell is not entitled to relief. The Application for Post–Conviction Relief and Application for an Evidentiary Hearing and Discovery are **DENIED.**

STRUBHAR, V.P.J., and JOHNSON, J., concur.

LUMPKIN, J., concurs in result.

LANE, J., dissents.

LUMPKIN, Judge, concurring in result:

I concur, based on *stare decisis,* in the discussion dealing with ineffective counsel. *See Walker v. State,* 933 P.2d 327, 341, (Lumpkin, J., concur in results). I also write separately to further discuss briefly the so-called first "prong" of the test this Court uses for ineffective counsel in post-conviction proceedings.

This case, together with the other cases applying the *Walker* methodology, graphically illustrates the point I made in *Walker.* Simply requiring a petitioner show "appellate counsel actually committed the act which gave rise to the ineffective assistance allegation," *Walker* at 333, is in reality—at least on the surface—no requirement at all, and does nothing to differentiate one case from another. As I do not believe this Court actually committed time and resources toward the formulation of a test the first part of which is essentially worthless, I must conclude there is more to this first "prong" than meets the eye. There must be more of a requirement

---

24. 22 O.S.Supp.1995, § 1089(D)(3).

25. *Rojem v. State,* 925 P.2d 70, 74 (Okl.Cr.1996); *Hooks v. State,* 902 P.2d 1120, 1125 (Okl.Cr. 1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1440, 134 L.Ed.2d 561 (1996).

26. *Pickens v. State,* 910 P.2d 1063, 1071 (Okl.Cr. 1996).

27. Rule 9.7(D)(3), *Rules of the Court of Criminal Appeals,* 22 O.S.Supp.1996, Ch. 18 App.

to satisfy the prong than merely allowing post-conviction counsel to raise it in the brief.[1] For instance, the prong would have more meaning if a petitioner were required to show, in connection with the ineffective counsel allegation, that some objective factor external to the defense prevented counsel from raising the claim in the direct appeal or in a timely motion for new trial. *See, e.g., McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

I need not get into an extensive discussion at this point. Suffice it to say here that, as more cases are presented to this Court, it may become necessary to elucidate with more precision exactly what requirements must be met to satisfy the first prong of this new test.

LANE, Judge, dissenting.

I dissent and would remand this case to the trial court for a proper determination of competency for the same reasons I dissented in *Walker v. State,* 933 P.2d at 344, (Okl.Cr. 1997)

---

1. We require citation of authority and specific references to the record to successfully raise an issue on appeal in all other cases or it is waived. The same should be required here.