**Loyd Winford LaFEVERS, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

No. PC–96–768.

Court of Criminal Appeals of Oklahoma.

Feb. 25, 1997.

---

1. We require citation of authority and specific references to the record to successfully raise an issue on appeal in all other cases or it is waived. The same should be required here.

**ORDER DENYING APPLICATION FOR POST–CONVICTION RELIEF AND APPLICATION FOR EVIDENTIARY HEARING**

CHAPEL, Presiding Judge:

Loyd Winford LaFevers was tried by jury before the Honorable Thomas C. Smith in the District Court of Oklahoma County. In Case No. CRF–85–3254 he was convicted of First Degree Malice Aforethought Murder in violation of 21 O.S.1991, Sec. 701.7, and Third Degree Arson in violation of 21 O.S.1981, Sec. 1403(A), After Former Conviction of a Felony. At the conclusion of the first stage of trial, the jury returned a verdict of guilty. During sentencing, the jury found 1) the murder was especially heinous, atrocious, or cruel; 2) there was a probability that LaFevers would commit criminal acts of violence that would constitute a continuing threat to society; and 3) the murder was committed for the purpose of avoiding or preventing a lawful arrest or prosecution. LaFevers was sentenced to death for the murder conviction and forty years incarceration for arson. LaFevers appealed his judgments and sentences to this Court and we affirmed.[1] This Court denied LaFevers' petition for rehearing and the United States Supreme Court denied LaFevers' petition for certiorari.[2]

On June 26, 1996, LaFevers filed an Application for Post–Conviction Relief directly with this Court.[3] Under Oklahoma's post-conviction statutes, the only issues that can be raised in post-conviction are those which: "(1) [w]ere not or could not have been raised in a direct appeal; and (2) [s]upport a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent." [4] On review, this Court must determine: "(1) whether controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist; (2) whether the applicant's grounds were or could have been previously raised; and (3) whether re-

Don J. Gutteridge, Jr., Oklahoma City, on Appeal, for Petitioner.

1. *LaFevers v. State,* 897 P.2d 292 (Okl.Cr.1995).

2. *LaFevers v. Oklahoma,* —— U.S. ——, 116 S.Ct. 820, 133 L.Ed.2d 763 (1996).

3. 22 O.S.Supp.1995, § 1089 provides that an original application for post-conviction relief shall be filed with this Court rather than the

District Court in which the case was tried. The revised capital post-conviction procedures do not require that the State respond to the original Application, and no State response was filed.

4. 22 O.S.Supp.1995, § 1089(C).

lief may be granted...."[5] The Post–Conviction Procedure Act is not intended to provide a second appeal.[6] This Court will not consider an issue which was raised on direct appeal and is therefore barred by **res judicata,**[7] nor will we consider an issue which has been waived because it could have been raised on direct appeal but was not.[8] We will not address LaFevers' propositions which are barred by waiver or **res judicata.**[9]

LaFevers raises ineffective assistance of trial counsel claims in Propositions I, IV and VI. Ineffective assistance of trial counsel claims raised in capital post-conviction appeals are properly before this Court only if they require fact-finding outside the direct appeal record.[10] LaFevers has provided the Court with affidavits to support his claim that his ineffective assistance of trial counsel allegations meet this prerequisite to review. This material constitutes part of the record before us on post-conviction, and we have reviewed it to determine if this issue must be remanded to the district court for a hearing.[11]

■ In Proposition I, Lafevers claims trial counsel was ineffective for the following

**5.** 22 O.S.Supp.1995, § 1089(D)(4)(a).

**6.** *Fowler v. State,* 896 P.2d 566, 569 (Okl.Cr. 1995); *Fox v. State,* 880 P.2d 383, 384 (Okl.Cr.), *cert. denied,* — U.S. —, 115 S.Ct. 1318, 131 L.Ed.2d 199 (1995).

**7.** 22 O.S.Supp.1995, § 1089(C); *Moore v. State,* 889 P.2d 1253, 1255 (Okl.Cr.), *cert. denied,* — U.S. —, 116 S.Ct. 215, 133 L.Ed.2d 146 (1995); *Fowler v. State,* 873 P.2d 1053, 1056 (Okl.Cr.), *cert. denied,* 513 U.S. 1061, 115 S.Ct. 673, 130 L.Ed.2d 606 (1994); *Mann v. State,* 856 P.2d 992, 993 (Okl.Cr.1993), *cert. denied,* 511 U.S. 1100, 114 S.Ct. 1869, 128 L.Ed.2d 490 (1994); *Walker v. State,* 826 P.2d 1002, 1005 (Okl.Cr.), *cert. denied,* 506 U.S. 898, 113 S.Ct. 280, 121 L.Ed.2d 207 (1992).

**8.** 22 O.S.Supp.1995, § 1089(C); *Moore,* 889 P.2d at 1255–56; *Fowler,* 873 P.2d at 1056–57; *Johnson v. State,* 823 P.2d 370 (Okl.Cr.1991), *cert. denied,* 504 U.S. 926, 112 S.Ct. 1984, 118 L.Ed.2d 582 (1992).

**9.** Proposition of error barred by **res judicata:**
III. The State's use of unadjudicated crimes during the second stage of LaFevers' trial was unconstitutional and deprived him of his constitutional rights; [LaFevers agrees that this issue was raised and decided in his direct appeal but urges this Court to reconsider the issue in light of *Williamson v. Reynolds,* 904 F.Supp. 1529 (E.D.Okl.1995). *Williamson* is not binding on this Court. I continue to disapprove of the use of unadjudicated crimes to support the continuing threat aggravating circumstance and concur in today's decision on the basis of **stare decisis.**]
Propositions of error barred by waiver:
II. The failure to provide LaFevers with DNA testing substantially prejudiced his case and violated his due process rights under the Eighth and Fourteenth Amendments [to the United States Constitution];
IV. LaFevers' plea of nolo contendere to the charges in CRF–85–3258 was not voluntarily made and said charge was used in the second stage of his trial; and

VI. LaFevers was deprived of an expert to which he was entitled in violation of the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.
In each of these propositions LaFevers alleges without argument that the claim is properly before this Court on post-conviction because the claim relies on facts outside the appellate record. This ground for relief applies only to claims of ineffective assistance of trial counsel, and does not negate the traditional principle of waiver. 22 O.S.Supp.1995, § 1089(D)(4)(b)(1). The Post–Conviction Act defines the factual basis of a claim as unavailable if the factual basis was not ascertainable through the exercise of reasonable diligence. 22 O.S.Supp.1995, § 1089(D)(9). These propositions each depend on facts either known to trial and appellate counsel or which could have been obtained through reasonable diligence; indeed, LaFevers argues that he discussed the issues in Proposition II with trial and appellate counsel. These claims are thus not properly before this Court under the Post–Conviction Act. Reviewing these claims in the context of ineffective assistance of counsel, we find no error.

**10.** 22 O.S.Supp.1995, § 1089(D)(4)(b). This Court has held that a claim of ineffective assistance of counsel based on matters presented to the trial court and included in the record on appeal should be raised on direct appeal, and is waived if not raised at that time. *Boyd v. State,* 915 P.2d 922, 926 (Okl.Cr.1996); *Berget v. State,* 907 P.2d 1078, 1082–85 (Okl.Cr.1995), *cert. denied,* — U.S. —, 116 S.Ct. 2505, 135 L.Ed.2d 195 (1996).

**11.** 22 O.S.Supp.1995, § 1089(D)(4)(b)(1). Material submitted to this Court with the original application for post-conviction relief constitutes the record on post-conviction. Revised Rule 9.7(D), *Rules of the Court of Criminal Appeals,* 22 O.S.Supp.1996, Ch. 18, App., 68 OBJ 413 (Okl. Cr. February 8, 1997). Section 1089(D)(4)(b)(1) clearly implies that material will be presented to this Court for the first time in order to facilitate claims of ineffective assistance of trial counsel

reasons: (1) he failed to present a substance abuse screening inventory and affidavit of Dr. Ferguson; (2) he failed to present statements, obtained by counsel's investigator, in which two inmates at McAlester Prison say Cannon took primary responsibility for the crimes of which he and LaFevers were convicted; and (3) he failed to order DNA testing on clothing introduced at trial. In Proposition IV, LaFevers claims that trial counsel's alleged advice that LaFevers plead nolo contendere to robbery, kidnapping, and assault (based on other conduct directed against the victim the night of the murder) was deficient. Finally, in Proposition VI, LaFevers claims that trial counsel was ineffective for failing to introduce expert evidence to rebut the State's allegation that he would be a continuing threat to society.

LaFevers admits that some of this material was available to the Court, and that some of it was even discussed in the opinion on direct appeal. As for the remainder of the claims, LaFevers has failed to establish that they require fact-finding outside the direct appeal record. These allegations are either barred by **res judicata,** or require no fact-finding outside the direct appeal record. Accordingly, they are not properly before this Court. The ineffective assistance of trial counsel allegations contained in Propositions I, IV and VI are denied.

■ LaFevers claims in Proposition V that appellate counsel was ineffective for failing to raise the issues claimed as error in Propositions II and IV. A claim of ineffective assistance of appellate counsel is properly before us if the Court finds that if the allegations of ineffectiveness were true, the performance of appellate counsel would constitute the denial of reasonably competent assistance of appellate counsel under prevailing professional norms.[12] We examine ineffective assistance of appellate counsel claims using a three-tiered procedural scheme.[13] We first determine whether a petitioner has established counsel's conduct was deficient under prevailing professional norms; only then will we consider the substantive claim which appellate counsel allegedly mishandled.

The record shows counsel did not raise the issues of DNA testing and LaFevers' nolo plea to non-capital charges on direct appeal. LaFevers has thus met his threshold burden to prove that appellate counsel actually committed the conduct giving rise to the allegations of ineffective assistance. We now determine whether counsel's omission of these claims constituted deficient performance. LaFevers does not establish that counsel breached any duties owed him, or that counsel's judgment was unreasonable under the circumstances or did not fall within the wide range of professional assistance.[14] LaFevers instead reasons that these claims were arguably meritorious, and suggests that an attorney who omits meritorious appellate claims is ineffective. On the contrary, such a conclusory allegation will never itself support a finding that counsel's performance was deficient.[15] As LaFevers has not established that appellate counsel's conduct was deficient, his substantive claims remain procedurally barred and will not be considered on the merits. Proposition V is denied.

LaFevers has also requested an evidentiary hearing on the Proposition I issues of Dr. Ferguson's affidavit, the inmate statements,

requiring fact-finding outside the direct appeal record. This Court need not remand these claims for an evidentiary hearing if our review of the materials presented shows that the material either (1) does not require fact-finding outside the appeal record, or (2) contains no controverted, previously unresolved issues of fact material to a petitioner's confinement. If we determine that either of these conditions exists, we will remand the issue for a hearing in the district court, as required by § 1089(D)(5).

**12.** 22 O.S.Supp.1995, § 1089(D)(4)(B)(2).

**13.** *Walker v. State,* 933 P.2d 327 (Okl.Cr.1997). We (1) determine whether counsel actually committed the act giving rise to the allegation, and if

so, (2) ask whether counsel's performance was deficient under prevailing professional norms. If a petitioner sets forth facts and law enabling us to assess counsel's allegedly deficient performance, and we find it was deficient, we may then consider the mishandled substantive claim and (3) determine whether that claim meets the statutory requirements for review under 22 O.S.Supp. 1995, § 1089.

**14.** *Walker,* 933 P.2d at 336.

**15.** *Id.*

and DNA testing.[16] Should this Court determine that controverted, previously unresolved factual issues material to the legality of the applicant's confinement may exist, we may issue any orders necessary to facilitate post-conviction review.[17] We have reviewed the materials presented in support of this request, and find that LaFevers is not entitled to an evidentiary hearing.

We have carefully reviewed LaFevers' applications for post-conviction relief and an evidentiary hearing, and find that LaFevers is not entitled to relief. The Application for Post-Conviction Relief and Application for an Evidentiary Hearing are **DENIED.**

STRUBHAR, V.P.J., and LANE and JOHNSON, JJ., concur.

LUMPKIN, J., concurs in result.

LUMPKIN, Judge, concurring in result:

I concur, based on *stare decisis*, in the discussion dealing with ineffective counsel. *See Walker v. State*, 933 P.2d 327, 341 (Lumpkin, J., concur in results). I also write separately to further discuss briefly the so-called first "prong" of the test this Court uses for ineffective counsel in post-conviction proceedings.

This case, together with the other cases applying the *Walker* methodology, graphically illustrates the point I made in *Walker*. Simply requiring a petitioner show "appellate counsel actually committed the act which gave rise to the ineffective assistance allegation," *Walker* at 333, is in reality—at least on the surface—no requirement at all, and does nothing to differentiate one case from another. As I do not believe this Court actually committed time and resources toward the formulation of a test, the first part of which is essentially worthless, I must conclude there is more to this first "prong" than meets the eye. There must be more of a requirement to satisfy the prong than merely allowing post-conviction counsel to raise it in the brief.[1] For instance, the prong would have more meaning if a petitioner were required to show, in connection with the ineffective

counsel allegation, that some objective factor external to the defense prevented counsel from raising the claim in the direct appeal or in a timely motion for new trial. *See*, e.g., *McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

I need not get into an extensive discussion at this point. Suffice it to say here that, as more cases are presented to this Court, it may become necessary to elucidate with more precision exactly what requirements must be met to satisfy the first prong of this new test.

---

**16.** Application for Evidentiary Hearing, filed June 27, 1996.

**17.** 22 O.S.Supp.1995, § 1089(D)(3).

**1.** We require citation of authority and specific references to the record to successfully raise an issue on appeal in all other cases or it is waived. The same should be required here.