Robert Leroy **BRYAN**, Petitioner,

v.

The **STATE** of Oklahoma, Respondent.

No. PC–96–884.

Court of Criminal Appeals of Oklahoma.

Oct. 30, 1997.

As Corrected Nov. 20, 1997.

Benjamin McCullar, Law Firm of Randy C. Parsons, Shawnee, for petitioner on appeal.

## ORDER DENYING APPLICATION FOR POST–CONVICTION RELIEF AND APPLICATION FOR EVIDENTIARY HEARING

CHAPEL, Presiding Judge:

Robert Leroy Bryan was tried by jury before the Honorable Charles L. Goodwin in the District Court of Beckham County. In Case No. CF–93–61 he was convicted of First Degree Malice Aforethought Murder in violation of 21 O.S.1991, § 701.7. At the conclusion of the first stage of trial, the jury returned a verdict of guilty. During sentenc-

ing, the jury found (1) Bryan was previously convicted of a felony involving the use or threat of violence to the person; and (2) there was a probability that Bryan would commit criminal acts of violence that would constitute a continuing threat to society. Bryan was sentenced to death for the murder conviction. Bryan appealed his judgments and sentences to this Court and we affirmed.[1] This Court denied Bryan's petition for rehearing. The United States Supreme Court has not yet ruled on Bryan's petition for certiorari, filed September 7, 1997.[2]

 On July 1, 1997, Bryan filed an Application for Post–Conviction Relief directly with this Court.[3] Under Oklahoma's post-conviction statutes, the only issues that can be raised in post-conviction are those which: "(1) [w]ere not and could not have been raised in a direct appeal; and (2) [s]upport a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent."[4] On review, this Court must determine: "(1) whether controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist; (2) whether the applicant's grounds were or could have been previously raised; and (3) whether relief may be granted...."[5] The Post–Conviction Procedure Act is not intended to provide a second appeal.[6] This Court will not consider an issue which was raised on direct appeal and is therefore barred by *res judicata*,[7] nor will we consider an issue which has been waived because it could have been, but was not, raised on direct appeal.[8]

Bryan claims ineffective assistance of trial and appellate counsel in Propositions I, II, III, and VI. Claims of ineffective assistance of trial counsel on capital post-conviction require fact-finding outside the appeal record.[9] Bryan has provided the Court with affidavits to support his claims in Propositions I, II and III. Nothing in the affidavits supports a finding that these claims of ineffective assistance require fact-finding outside the direct appeal record. A claim of ineffective assistance of appellate counsel is properly before us if the Court finds that if the allegations of ineffectiveness were true, the performance of appellate counsel would constitute the denial of reasonably competent assistance of appellate counsel under prevailing professional norms.[10] Using a three-tiered procedural scheme, we determine first whether a petitioner has established counsel's conduct was deficient under prevailing professional norms.[11] If we so determine we will consider the substantive claim allegedly mishandled by appellate counsel, if that claim is otherwise appropriate for post-conviction review.[12]

 In Proposition I Bryan offers the affidavits of his mother Lucille Bryan (Mrs.

1. *Bryan v. State*, 935 P.2d 338 (Okl.Cr.1997).

2. *Bryan v. Oklahoma*, No. 97–5866.

3. 22 O.S.Supp.1996, § 1089 provides that an original application for post-conviction relief shall be filed with this Court rather than the District Court in which the case was tried. The revised capital post-conviction procedures do not require that the State respond to the original Application, and no State response was filed.

4. 22 O.S.Supp.1996, § 1089(C).

5. 22 O.S.Supp.1996, § 1089(D)(4)(a).

6. *Fowler v. State*, 896 P.2d 566, 569 (Okl.Cr. 1995); *Fox v. State*, 880 P.2d 383, 384 (Okl.Cr. 1994), *cert. denied*, 514 U.S. 1005, 115 S.Ct. 1318, 131 L.Ed.2d 199 (1995).

7. 22 O.S.Supp.1996, § 1089(C); *Moore v. State*, 889 P.2d 1253, 1255 (Okl.Cr.), *cert. denied*, —— U.S. ——, 116 S.Ct. 215, 133 L.Ed.2d 146 (1995); *Fowler v. State*, 873 P.2d 1053, 1056 (Okl.Cr.), *cert. denied*, 513 U.S. 1061, 115 S.Ct. 673, 130

L.Ed.2d 606 (1994); *Mann v. State*, 856 P.2d 992, 993 (Okl.Cr.1993), *cert. denied*, 511 U.S. 1100, 114 S.Ct. 1869, 128 L.Ed.2d 490 (1994); *Walker v. State*, 826 P.2d 1002, 1005 (Okl.Cr.), *cert. denied*, 506 U.S. 898, 113 S.Ct. 280, 121 L.Ed.2d 207 (1992).

8. 22 O.S.Supp.1996, § 1089(C); *Moore*, 889 P.2d at 1255–56; *Fowler*, 873 P.2d at 1056–57; *Johnson v. State*, 823 P.2d 370, 372 (Okl.Cr.1991), *cert. denied*, 504 U.S. 926, 112 S.Ct. 1984, 118 L.Ed.2d 582 (1992).

9. 22 O.S.Supp.1996, § 1089(D)(4)(b)(1).

10. 22 O.S.Supp.1996, § 1089(D)(4)(b)(2).

11. *Walker v. State*, 933 P.2d 327, 333 (Okl.Cr.), *cert. denied*, —— U.S. ——, 117 S.Ct. 2524, 138 L.Ed.2d 1024 (1997).

12. *Mitchell v. State*, 934 P.2d 346, 349 (Okl.Cr.), *cert. denied*, —— U.S. ——, 117 S.Ct. 2489, 138 L.Ed.2d 996 (1997); *Walker*, 933 P.2d at 333.

Bryan) and Investigator Jack Stringer to support his claim that trial counsel created a conflict of interest by allowing a third party to direct the presentation of mitigating evidence in the second stage of trial. Mrs. Bryan avers that she failed to talk to appellate counsel because she did not believe it was important. Stringer avers that Mrs. Bryan told him she had little personal knowledge of the case or Bryan's whereabouts during the relevant time period, and was "of little help" in answering questions about the case. Whether or not Mrs. Bryan was helpful in interviews with appellate counsel is not dispositive, however, because the allegations in Mrs. Bryan's affidavit were certainly known to trial counsel. Absent any indication that trial counsel was unavailable for consultation, we must conclude these facts could have been obtained by appellate counsel acting with reasonable diligence.[13] On the record before us, these facts were available to Bryan's appellate counsel and thus could have been used in his direct appeal.[14] Bryan's claim of ineffective assistance of trial counsel is barred by waiver. Appellate counsel failed to raise the issue, so the first prong of *Walker* is satisfied. However, Bryan presents no facts showing counsel's failure to raise the issue amounted to ineffective assistance.[15] As this Court has said many times, the conclusory allegation that counsel failed to raise an arguably meritorious claim will rarely, if ever, standing alone, support a finding of deficient performance.[16] Bryan has not established appellate counsel was ineffective in failing to raise the issue of conflict of interest, so the substantive claim remains barred and is not reviewed on its merits. The Proposition I claim of ineffective assistance of trial counsel is barred, and the claim of ineffective assistance of appellate counsel, and the proposition, are denied.

■ Bryan also offers Mrs. Bryan's affidavit to support his Proposition II claim that the State's case was not subjected to adversarial testing at trial, along with affidavits from his sister and civil attorneys whom Bryan consulted on other matters. He argues Mrs. Bryan's affidavit contains statements constituting new evidence which established that trial and appellate counsel were ineffective in failing to investigate alibi and other exculpatory evidence. The allegation that trial counsel failed to effectively question Mrs. Bryan or investigate does not require fact-finding outside the direct appeal record, and Bryan's claim of ineffective assistance of trial counsel is barred. Appellate counsel failed to raise these issues, so the first prong of *Walker* is met. However, Bryan does not present facts showing why this failure is ineffective; nor does he establish that counsel breached any duties owed him, or that counsel's judgment was unreasonable under the circumstances or did not fall within the wide range of professional assistance.[17] Instead, Bryan attacks this Court's decision in *Walker,* suggesting the Court return to the *Strickland*[18] standard for ineffective assistance of counsel in the context of ineffective assistance of appellate counsel in capital post-conviction cases. We must decline this invitation as we are bound by the clear language of the capital post-conviction statute. As Bryan has failed to show appellate counsel's performance was ineffective, his substantive claim remains barred. The Proposition II claim of ineffective assistance of trial counsel is barred, and the claim of ineffective assistance of appellate counsel, and this proposition, are denied.

■ Bryan presents affidavits from mental health experts to support his Proposition III claim that a) trial counsel failed to reasonably investigate, prepare, and present relevant mitigating evidence, and that b) appellate counsel failed to effectively present this proposition on direct appeal. The claim of ineffective assistance of trial counsel does not

---

**13.** *Robinson v. State,* 937 P.2d 101, 106 (Okl.Cr. 1997); *LaFevers v. State,* 934 P.2d 356, 358 n. 9 (Okl.Cr.1997).

**14.** *Hooker v. State,* 934 P.2d 352, 354 (Okl.Cr. 1997); *Cannon v. State,* 933 P.2d 926, 929 (Okl. Cr.1997).

**15.** *Hooker,* 934 P.2d at 355; *Mitchell,* 934 P.2d at 350–51.

**16.** *Walker,* 933 P.2d at 336.

**17.** *LaFevers,* 934 P.2d at 359.

**18.** *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984).

require fact-finding outside the direct appeal record; indeed, the affidavits indicate that trial counsel was aware of these witnesses. Appellate counsel raised the issue on direct appeal. Thus the first prong of the *Walker* test is not met, and this claim is barred. Bryan's claims of ineffective assistance of trial and appellate counsel are barred, and this proposition is denied.

In Proposition VI Bryan claims trial and appellate counsel were ineffective for failing to challenge the Court's instruction on the sentencing option of life without parole. The claim of ineffective assistance of trial counsel does not require fact-finding outside the direct appeal record. Appellate counsel failed to raise this issue, and the first prong of *Walker* is met. However, Bryan fails to present any facts showing why this omission constituted deficient performance beyond arguing the substantive merits of the claim. Mere failure to raise a claim will not constitute deficient performance. Bryan has not shown counsel's performance was ineffective and the substantive claim remains barred. The Proposition VI claim of ineffective assistance of trial counsel is barred, and the claim of ineffective assistance of appellate counsel, and this proposition, are denied.

In Propositions I, II, III and VI Bryan attempts to *avoid application of Oklahoma's capital post-conviction statute* by raising a "free-standing federal constitutionally-based claim" of error, asserting ineffective assistance of trial and appellate counsel under the Sixth, Eighth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction to consider and, indeed, must consider all constitutionally-based claims of error. Bryan certainly has a constitutional right to effective assistance of counsel. Oklahoma law allows Bryan to raise claims of ineffective assistance of trial counsel at the direct appeal stage, and certain claims of ineffective assistance of trial counsel, as well as claims regarding direct appeal counsel, on post-conviction.

However, nothing in the constitution prohibits states from enacting laws respecting finality of judgment. Oklahoma has enacted a post-conviction statute which honors and preserves the legal principle of finality of judgment,[19] by applying procedural bars, in order to ensure capital convictions are final after a full and fair appellate process. State procedural bars may preclude consideration of otherwise cognizable constitutional claims.[20] We will not bypass the statute in order to consider federal constitutionally-based claims barred by procedural default.

In Proposition IV Bryan asks this Court to reconsider its decision upholding the "continuing threat" aggravating circumstance in his direct appeal. Bryan argues that this request is not barred by *res judicata* because the Tenth Circuit's holding in *United States v. McCullah*[21] constitutes an intervening change in the law. We recently held *McCullah* is not an intervening change in the law for the purposes of the amended capital post-conviction statute.[22] This proposition is denied.

In Proposition V Bryan urges this Court to adopt the American Bar Association recommendation of a moratorium on executions. This proposition is not properly raised under the post-conviction statute and we do not consider it.

In Proposition VII Bryan requests an evidentiary hearing regarding issues of effective assistance of appellate counsel raised by *Walker*. He argues that, to the extent any of his post-conviction claims may be procedurally barred due to appellate counsel's failure to raise the claim, the Court should grant him an evidentiary hearing on the issues of (1) the adequacy of appellate counsel's investigation; (2) the adequacy of the Oklahoma Indigent Defense System resources for appellate investigation at the time of his direct appeal; and (3) the extent to which this Court's rules and procedures at the time of his direct appeal (a) apprised appellate counsel that he had to investigate

**19.** *Walker*, 933 P.2d at 331.

**20.** *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

**21.** 76 F.3d 1087 (10th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1699, 137 L.Ed.2d 825 (1997).

**22.** *Scott v. State*, 942 P.2d 755, 760–61 (Okl.Cr. 1997).

those claims in order to avoid a procedural bar, and (b) allowed counsel to present the results of such investigation during direct appeal proceedings. Essentially, Bryan wants an evidentiary hearing to determine the effects on his case of a procedural change in the law. This is not an appropriate issue for an evidentiary hearing.[23] This request is denied.

We have carefully reviewed Bryan's applications for post-conviction relief and an evidentiary hearing, and find that Bryan is not entitled to relief. The Application for Post–Conviction Relief and Application for an Evidentiary Hearing are **DENIED**.

STRUBHAR, V.P.J., and JOHNSON, J., concur.

LUMPKIN and LANE, JJ., concur in results.

LUMPKIN, Judge, concurring in results:

I agree Petitioner's post-conviction relief should be denied. I write separately to address two points.

First, as to Petitioner's claim this Court should abandon its three-pronged test for ineffective counsel set forth in *Walker v. State*, 933 P.2d 327, 333 (Okl.Cr.1997): I agree this Court should abandon the test, for reasons previously given. *Id.*, 933 P.2d at 341–44 (Lumpkin, J., Concurring in Results).

Second, I agree the ineffective trial counsel claims in propositions I, II and III are barred. The underlying facts which form the basis for his claim of ineffective counsel on direct appeal (not presenting evidence of insanity in the first stage and not presenting evidence of mental illness as mitigation in the second stage, *see Bryan v. State*, 935 P.2d 338, 362–63 (Okl.Cr.1997)) are the same underlying facts which formed the basis for his claim of ineffective counsel in this post-conviction application. The issue of ineffective counsel based on these facts should be *res judicata*, as that claim (ineffective counsel) based on that underlying set of facts has been adjudicated.

However, it is equally true an appellant has the duty to raise all claims which have as a basis the same underlying set of facts. Failure to do so should operate as waiver. To do otherwise would allow a petitioner to repeatedly raise what would essentially be the same fact-based claim over and over during the appellate process. The proposition of error on direct appeal was ineffective assistance of trial counsel. That proposition was adjudicated. What Petitioner is attempting to do is parse the single proposition of error into sub-parts, part to be alleged on direct appeal and part on post-conviction. However, 22 O.S.Supp.1996, § 1089(C)(1), provides, "[t]he only issues that may be raised in an application for post-conviction relief are those that: 1. Were not and could not have been raised in a direct appeal; ...." Absent qualification for an evidentiary hearing under Rule 9.7(D)(1), *Rules of the Court of Criminal Appeals*, Title 22, Ch. 18, App. (1996), the proposition of error should not be addressed on the merits.

Third, the opinion states the claim set forth in proposition III "was raised on direct appeal," then concludes the claim is "barred." It does not delineate between waiver and *res judicata*. I assume the claim is barred by *res judicata*.

Accordingly, I concur in result.

**23.** Rule 9.7(D)(5), *Rules of the Court of Criminal Appeals,* 22 O.S.Supp.1996, Ch. 18, App.