1998 OK CR 12

**Yancey Lyndell DOUGLAS, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. PC–97–659.**

Court of Criminal Appeals of Oklahoma.

Jan. 23, 1998.

Judith G. Menadue, Capital Post Conviction Division, Oklahoma Indigent Defense System, Norman, for Petitioner.

### OPINION DENYING APPLICATION FOR POST–CONVICTION RELIEF AND REQUESTS FOR AN EVIDENTIARY HEARING AND DISCOVERY

STRUBHAR, Vice Presiding Judge:

¶1 Yancey Lyndell Douglas, Petitioner, was tried by jury in the District Court of Oklahoma County, Case No. CF–93–3926, before the Honorable Virgil C. Black, District Judge, and convicted of Murder in the first degree[1] for the death of Shauna Farrow.[2]

---

1. 21 O.S.1991, § 701.7(A).

2. Petitioner was also convicted of Shooting With Intent to Kill and sentenced to life imprisonment.

The jury found two (2) aggravating circumstances,[3] recommended death and the trial court sentenced Douglas accordingly. Douglas appealed his Judgment and Sentence to this Court and we affirmed. *Douglas v. State*, 1997 OK CR 79, 951 P.2d 651 (Okl.Cr. 1997).

¶ 2   On September 15, 1997, Douglas filed in this Court an original application for post-conviction relief together with requests for discovery and an evidentiary hearing.[4] The issues that may be raised, as well as our scope of review, in this matter are narrowly defined as follows:

> The only issues that can be raised in post-conviction are those which were not or could not have been raised in a direct appeal and support a conclusion either that the outcome of the trial would have been different but for the errors or that the

defendant is factually innocent. On review, this Court must determine whether controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist, whether the applicant's grounds were or could have been previously raised, and whether relief may be granted.... This Court will not consider an issue which was raised on direct appeal and is therefore barred by *res judicata*, nor will we consider an issue which has been waived because it could have been raised on direct appeal but was not.

*McGregor v. State*, 1997 OK CR 10, 935 P.2d 332, 333–34, *cert. denied*, ── U.S. ──, 117 S.Ct. 2489, 138 L.Ed.2d 996 (1997) (footnotes omitted). Based on the foregoing precepts, we will not review the claims raised in Propositions I,[5] II,[6] III,[7] IV,[8]

---

For a recitation of the facts, *see Douglas v. State*, 1997 OK CR 79, 951 P.2d 651 (Okl.Cr.1997).

3. [1] the defendant knowingly created a great risk of death to more than one person; and [2] the existence of a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society. 21 O.S.1991, §§ 701.12(2) and (7).

4. Title 22 O.S.Supp.1995, § 1089(D)(1) provides that an original application for postconviction relief shall be filed with this Court. The Post–Conviction Procedure Act does not require the State to respond to the original application and no State response was filed.

5. Proposition I: Mr. Douglas was denied the effective assistance of counsel in prior proceedings. On direct appeal, we addressed a claim of trial counsel ineffectiveness based on trial counsel's failure to object to jurors for cause, counsel's failure to request second degree murder instructions, counsel's failure to object to prosecutorial misconduct, counsel's failure to present mitigating evidence that Douglas suffered from ADHD and that counsel erroneously opened the door to bad character evidence. The portion of this claim based on these allegations is barred and further review is precluded.

6. Proposition II: Misconduct by the prosecutor deprived Mr. Douglas a fair trial and a fair and reliable sentencing determination. On direct appeal we addressed a claim that the prosecutor improperly argued that Douglas intimidated witnesses, improperly vouched for the credibility of State's witnesses, speculated on facts not in evidence, improperly argued Douglas and defense witnesses were liars, denigrated defense counsel, improperly commented on witnesses not coming forward, improperly commented on Douglas'

guilt, improperly elicited and commented on Douglas' invocation of his right to counsel, improperly shifted the burden of proof to Douglas to disprove the aggravating circumstances, improperly attacked the defense's expert witness, denigrated and degraded Douglas and the mitigating evidence, diminished the juror's sense of responsibility for punishment and invoked societal alarm. The portion of this claim based on these allegations is barred and further review is precluded. The remaining portion of the claim is waived.

7. Proposition III: Mr. Douglas was denied a fair trial and a fair and reliable sentencing determination. On direct appeal, we addressed a claim that the "continuing threat" and "great risk of death to more than one person" aggravating circumstances were unconstitutionally vague and overbroad. The portion of this claim based on these allegations is barred and further review is precluded. Douglas also claims he was denied a fair trial and sentencing due to ineffective assistance of counsel and prosecutorial misconduct. As stated above, these claims were addressed on direct appeal and are therefore barred.

8. Proposition IV: Mr. Douglas was denied a fair trial and a reliable determination of the appropriate sentence due to fundamental errors in the jury instructions. On direct appeal, we addressed the modified OUJI–CR–427 instruction concerning the elements of first degree murder, the lack of second degree murder instructions, the aiding and abetting instructions, the failure to administer OUJI–CR–439 listing mitigating circumstances, the lack of an instruction advising jurors that findings of mitigating circumstances need not be unanimous, the lack of an *Enmund/Tison* instruction, the instruction con-

V,[9] VI,[10] IX[11] because these claims are waived, i.e. the claims could have been raised on direct appeal but were not or because the claims were addressed on direct appeal and are barred by *res judicata.*

¶ 3 In his first proposition, Douglas argues he was denied his right to the effective assistance of trial counsel because his trial attorney was deficient in the following ways: counsel failed to secure and present key defense witnesses who were present at or near the time of the shooting; counsel allowed professional obligations and personal issues to interfere with the defense of Douglas; counsel failed to obtain expert testimony to rebut the State's allegation of continuing threat due to lack of funds; counsel allowed his financial relationship with Douglas' father to improperly influence his examination of him; counsel failed to withdraw when it became evident that he was a necessary witness to the defense; counsel failed to properly advise and consult with his client; counsel engaged in unethical conduct which destroyed his credibility with the jury; counsel failed to adequately investigate, develop and present available relevant evidence; counsel failed to consult with necessary experts; counsel failed to litigate motions to prevent admission of prejudicial gang evidence; counsel opened the door to character evidence; counsel failed to request a continuance when he learned a key witness had moved and could not be located; counsel failed to request second degree murder instructions; counsel failed to prevent jurors from hearing inflammatory evidence; counsel failed to investigate and prepare mitigating evidence; counsel failed to ensure the jury was properly instructed; and, counsel failed to adequately object to trial errors, request appropriate admonitions, move for mistrial and otherwise preserve error.

¶ 4 Douglas' allegation of ineffective assistance of trial counsel does not depend on facts outside the record on appeal as that phrase is construed by this Court. "[I]neffective assistance of trial counsel claims are properly raised and may be [reviewed on the merits] on post-conviction only if they are based upon facts which were not available to the applicant's direct appeal attorney and thus could not have been made part of the direct appeal record." *Walker v. State,* 1997 OK CR 3, 933 P.2d 327, 332, *cert. denied,* —— U.S. ——, 117 S.Ct. 2524, 138 L.Ed.2d 1024 (1997). While some of the facts in support of this claim are not in the direct appeal record, there is no evidence these facts were not available on direct appeal. Because Douglas' ineffective assistance of trial counsel claim does not turn on facts unavailable at the time of his direct appeal, he has failed to meet the pre-conditions for review of his claim on the merits and therefore review of the claim is barred. *Id.*

¶ 5 Douglas also claims that he was denied his right to the effective assistance of appellate counsel. Douglas complains that counsel failed to ensure a complete record was filed on appeal and failed to properly raise and preserve meritorious issues. Specifically, Douglas argues appellate counsel was deficient because she failed to raise the substantive claims raised in Propositions II, III, IV, V, VI and IX[12] in addition to a claim that trial counsel was ineffective based on the deficiencies alleged in proposition one.

cerning the weighing of aggravating and mitigating circumstances and the trial court's response to the jury's note concerning life without parole. The portion of this claim based on allegations concerning these instructions is barred and further review is precluded. The remaining portion of the claim is waived.

9.  Proposition V: Acts and omissions of the trial court denied Mr. Douglas his fundamental rights, a fair trial and a fair and reliable determination of the appropriate sentence. On direct appeal, we addressed the trial court's failure to *sua sponte* instruct on second degree murder, the trial court's response to the jury's question on the meaning of life without parole and the admis-

sion of evidence of bad acts. The portion of this claim based on these allegations is barred and further review is precluded. The remaining portion of the claim is waived.

10.  Proposition VI: Mr. Douglas is being denied an adequate appellate review because this Court does not have a complete record. This claim is waived.

11.  Proposition IX: The death penalty constitutes unnecessary cruel and/or unusual punishment. This claim is waived.

12.  See Notes 5–11, *supra.*

¶ 6 "Ineffective assistance of appellate counsel claims are properly before us only if the Court finds that if the allegations were true, the performance of appellate counsel would constitute the denial of reasonably competent assistance of appellate counsel under prevailing professional norms." *McGregor*, 935 P.2d at 335. We analyze appellate counsel ineffectiveness claims using the three-tiered scheme set forth in *Walker*, 933 P.2d at 333.

¶ 7 The record reveals that appellate counsel failed to raise the portions of the substantive claims in Propositions I, II, III, IV, V, VI and IX that were not addressed on direct appeal.[13] As such Douglas has satisfied our threshold inquiry and established that appellate counsel actually committed the conduct giving rise to the allegations of ineffective assistance of appellate counsel. *McGregor*, 935 P.2d at 336. We thus reach the next level of inquiry, which is whether appellate counsel's omission of these claims constituted deficient performance of appellate counsel. *Walker*, 933 P.2d at 335.

■ ¶ 8 A review of this record shows Douglas has failed to set forth sufficient facts and law which would enable us to assess counsel's allegedly deficient performance. Douglas offers no facts which show that counsel breached any duty owed to him, or that counsel's judgment was unreasonable under the circumstances or did not fall within the wide range of professional assistance. *McGregor*, 935 P.2d at 336. Instead, Douglas sets out arguments supporting his substantive claims, and reasons that appellate counsel must have been ineffective because she failed to raise these arguably meritorious issues. We have held that failure to raise meritorious claims, without some proof that an attorney's omission was professionally deficient, will not support an allegation of ineffective assistance of counsel. *Id.* Because Douglas has not shown that counsel's conduct on direct appeal was ineffective, his substantive claims remain procedurally barred and will not be considered on their merits. *Id.*

Accordingly, these ineffective assistance of appellate counsel allegations are denied.

■ ¶ 9 In his seventh proposition of error, Douglas claims he is being denied an adequate appellate and corrective collateral review process. He essentially challenges the constitutionality of the recent amendments to the Post–Conviction Procedure Act. He claims the new post-conviction scheme, both on its face and as construed by this Court, denies applicants due process, equal protection and equal and adequate access to the courts. We have consistently rejected this constitutional attack on Oklahoma's current capital post-conviction procedure and we are not persuaded by Douglas' argument to hold otherwise. *Mitchell v. State*, 1997 OK CR 9, 934 P.2d 346, 349, *cert. denied*, —— U.S. ——, 117 S.Ct. 2489, 138 L.Ed.2d 996 (1997); *Rogers v. State*, 1997 OK CR 7, 934 P.2d 1093, 1096.

■ ¶ 10 Douglas also argues that this Court's decision in *Walker* rendered appellate counsel ineffective because it imposed new duties and responsibilities on appellate counsel in capital cases. Douglas asks this Court to remand this matter for an evidentiary hearing on the issues of (1) the professional standard of care for appellate counsel in capital cases at all times pertinent to this case; (2) the resources available to Douglas' appellate counsel at times pertinent to this case; (3) the scope of appellate counsel's investigation beyond the physical appellate records and the feasibility of any investigation beyond those confines; and (4) what would constitute a "reasonable investigation" during the time that appellate counsel was preparing Douglas' briefs on direct appeal. As in *Bryan*, Douglas essentially wants an evidentiary hearing to determine the effects on his case of a procedural change in the law. Because this is not an appropriate issue for an evidentiary hearing, the request is denied. *Bryan v. State*, 1997 OK CR 69, 948 P.2d 1230, 1235 (Okl.Cr.1997).

■ ¶ 11 In his eighth proposition of error, Douglas claims Oklahoma's clemency

---

13. The portion of the claims that were addressed on direct appeal, *see* notes 5–9, *supra,* remain barred and will not be reviewed in the context of this ineffective assistance of appellate counsel claim.

process denies death sentenced petitioners procedural due process. This is not a claim cognizable under the Post–Conviction Procedure Act. 22 O.S.Supp.1995, § 1089. Accordingly, this proposition is denied.

 ¶ 12 In his tenth proposition of error, Douglas asks this Court to adopt the American Bar Association's resolution calling for a moratorium on the imposition and enforcement of the death penalty. This is not a claim cognizable under the Post–Conviction Procedure Act. *Bryan*, 948 P.2d at 1234. As such, this proposition is denied.

¶ 13 Douglas finally claims in his eleventh proposition of error that the cumulative effect of the errors presented in this application coupled with the errors enumerated on direct appeal require a new trial. Because we have found that the claims raised in this petition are either procedurally barred or without merit, we find no cumulative error that warrants relief. *Mitchell*, 934 P.2d at 351.

 · ¶ 14 We now turn to Douglas' requests for discovery and an evidentiary hearing.[14] Should this Court determine that controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist, we may issue any orders necessary to facilitate post-conviction review. *LaFevers v. State,* 1997 OK CR 8, 934 P.2d 356, 360. We have reviewed the materials submitted in support of these requests and find that Douglas is not entitled to discovery or an evidentiary hearing because we find no controverted, previously unresolved factual issues material to the legality of Douglas' confinement exist. As such, these requests are denied. After carefully reviewing Douglas' application for post-conviction relief and requests for discovery and an evidentiary hearing, we find that Douglas is not entitled to relief. Accordingly, Douglas' Application for Post–Conviction

14. Douglas also requests this Court to issue an order supplementing the record with the material contained in the appendices filed with the verified application. Rule 9.7(D), *Rules of the Court of Criminal Appeals,* 22 O.S.Supp.1997, Ch. 18, App, provides that the record on capital post-conviction consists of the original applica-

Relief and Application for an Evidentiary Hearing and Discovery are **DENIED.**

CHAPEL, P.J., and LUMPKIN and JOHNSON, JJ., concur.

LANE, J., concurs in results.

LANE, Judge, concurring in results.

¶ 1 I concur in results by reason of *stare decisis.* I maintain my disagreement with the majority in its interpretation of the new post-conviction relief statute as I expressed in *Conover v. State,* 942 P.2d 229, 234–35, (Lane, J., concur in result), 1997 OK CR 39.

tion and any affidavits and material filed along with the original application. Because the material contained in the appendices is part of the record, there is no need to issue an order supplementing the record. The request is therefore **DENIED.**