1998 OK CR 21

**Tyrone DARKS, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. PC–97–1077.**

Court of Criminal Appeals of Oklahoma.

March 19, 1998.

Jeremy B. Lowrey, Alexandra B. Fenster-er (Appearing Pro Hac Vice), Capital Post–Conviction Division, Oklahoma Indigent Defense System, Norman, for Petitioner.

***ORDER GRANTING REQUEST TO AP-PEAR* PRO HAC VICE; *OPINION DENYING APPLICATION FOR POST–CONVICTION RELIEF AND REQUESTS FOR DISCOVERY AND FOR EVIDENTIARY HEARING***

JOHNSON, Judge:

¶1 Tyrone Peter Darks, hereinafter "Petitioner," was tried and convicted by jury of the crime of Murder in the First Degree, malice aforethought, in Case No. CF–94–1024 in the District Court of Cleveland County before the Honorable William C. Hetherington, Jr., District Judge. The jury found one aggravating circumstance: that Petitioner would constitute a continuing threat to society. The trial judge sentenced Petitioner in. accordance with the jury's recommendation of death. This Court denied Petitioner's appeal on February 12, 1998 in 1998 OK CR 15, 954 P.2d 152 (1998).

¶2 On October 13, 1997, Petitioner filed in this Court his original application for post-conviction relief together with a request for an evidentiary hearing and a request for discovery. Petitioner also filed a Motion to Permit Entry of Appearance of Alexandra B.

Fensterer *Pro Hac Vice*. We hereby **GRANT** that motion. *Rules Creating and Controlling the Oklahoma Bar Association*, 5 O.S. 1991, Ch.1, App.1, Art.2, § 5.

 ¶ 3 In his application, Petitioner raises eleven propositions of error. This Court's review of Petitioner's Application is limited to those issues which: "(1) [w]ere not and could not have been raised in a direct appeal; and (2)[s]upport a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent." 22 O.S.Supp. 1995, § 1089. We must determine: "(1) whether controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist; (2) whether the applicant's grounds were or could have been previously raised; and (3) whether relief may be granted." 22 O.S.Supp.1995, § 1089(D)(4)(a). The Post–Conviction Procedure Act is not intended to provide a second appeal.[1] This Court will not consider an issue which was raised on direct appeal and is therefore barred by *res judicata*,[2] nor will this Court consider an issue which has been waived because it could have been raised on direct appeal but was not.[3] We find that the issues raised in Propositions I[4], II[5], V[6], and IX[7] are barred by *res judicata*. We find that the issues raised in Propositions III[8], IV[9], VII[10], and VIII[11] could have been

1. *Fowler v. State*, 896 P.2d 566, 569 (Okl.Cr. 1995); *Fox v. State*, 880 P.2d 383, 384 (Okl.Cr. 1994), *cert. denied*, 514 U.S. 1005, 115 S.Ct. 1318, 131 L.Ed.2d 199 (1995).

2. *Moore v. State*, 889 P.2d 1253, 1255 (Okl.Cr.), *cert. denied*, 516 U.S. 881, 116 S.Ct. 215, 133 L.Ed.2d 146, (1995); *Mann v. State*, 856 P.2d 992, 993 (Okl.Cr.1993), *cert. denied*, 511 U.S. 1100, 114 S.Ct. 1869, 128 L.Ed.2d 490 (1994).

3. *Moore*, 889 P.2d at 1255–56; *Johnson v. State*, 823 P.2d 370 (Okl.Cr.1991), *cert. denied*, 504 U.S. 926, 112 S.Ct. 1984, 118 L.Ed.2d 582 (1992).

4. Trial counsel was ineffective for failing to investigate and present additional available evidence that called into question the State's case, and in failing to present evidence that would have supported the giving of instructions on lesser included offenses, violating Mr. Darks' rights under the Sixth, Eighth and Fourteenth amendments to the United States Constitution.

5. Admission of Mr. Darks' "Statement to Police" into evidence at trial where Police had failed to advise Mr. Darks of his Constitutional rights when he was taken into custody violated Mr. Darks' rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

6. Trial counsel failed to investigate, develop, and present evidence that Mr. Darks did not constitute a continuing threat to society, as well as mitigation evidence concerning the nature of his relationship with his ex-wife and child which deprived Mr. Darks of effective assistance of counsel and violated Amendments VI, VIII, and XIV of the United States Constitution and Article 2, Sections 7, 19, and 20 of the Oklahoma Constitution.

7. Oklahoma's continuing threat aggravator is unconstitutionally vague and overbroad; unadjudicated acts were impermissibly offered to support it in Mr. Darks' case; and there was insufficient evidence to prove this sole aggravating circumstance beyond a reasonable doubt. Mr. Darks' death sentence was obtained in violation of the V, VI, VIII, and XIV Amendments to the United States Constitution, and Article 2, Section 7, 19, and 20 of the Oklahoma Constitution.

8. The trial judge failed to call the jury into court and make a proper record of the jury's question concerning life without parole; as a result, Mr. Darks' Eighth Amendment right to reliable sentencing and Fourteenth Amendment right to Due Process were violated.

9. The out-of-court identification of Mr. Darks' Ford Thunderbird was unduly suggestive and its subsequent in-court identification was irreparably mistaken and unreliable. As a result, Mr. Darks' conviction was obtained in violation of V, VI, VIII, and XIV Amendments to the United States Constitution, as well as Article 2, Sections 2, 6, 7, 9, 19, and 20 of the Oklahoma Constitution.

10. Trial and appellate counsel's failure to challenge the constitutionality of the court's instruction on the capital sentencing option of Life Without Parole denied Mr. Darks a reliable sentencing proceeding, Due Process of Law, and the effective assistance of counsel. The resulting sentence of death violates the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and Article II Sections 2, 6, 7, 9, and 20 of the Oklahoma Constitution.

11. The prosecution failed to produce potentially exculpatory evidence to the defense denying Mr. Darks of a fair trial in violation of the Due Process clause of the Fourteenth Amendment to the United States Constitution. [Petitioner admits that it was his review of the police reports that revealed that a second cellmate, David

raised on direct appeal, but were not and are therefore waived.

■ ¶4 Petitioner claims that to the extent that his claims are waived as not having been raised on appeal, he was denied the effective assistance of appellate counsel. In *Walker v. State*, 933 P.2d 327, 333–34 (Okl. Cr.), *cert. denied*, —— U.S. ——, 117 S.Ct. 2524, 138 L.Ed.2d 1024 (1997), this Court set out the standard of review in examining claims of ineffective assistance of appellate counsel. We (1) determine whether counsel actually committed the act giving rise to the allegation, and if so, (2) ask whether counsel's performance was deficient under prevailing professional norms. If a petitioner sets forth facts and law enabling us to assess counsel's allegedly deficient performance, and we find it was deficient, we may then consider the mishandled substantive claim and (3) determine whether that claim meets the statutory requirements for review under 22 O.S.Supp.1995, § 1089(C)(2) (the claim must support a conclusion "either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent"). · Once the claim is deemed properly raised, this Court would then determine the appropriate relief.

■ ¶5 We have reviewed and considered the claims presented in Propositions III, IV, VII, and VIII. While Petitioner has established that the conduct supporting his allegations of ineffectiveness actually occurred, he has failed to present facts showing that appellate counsel was unreasonable under the circumstances, that his conduct did not fall within the wide range of professional assistance, or that counsel breached any duty owed to him. *Id.* at 336. While appellate counsel has a duty to raise relevant issues for this Court's consideration, there is no obligation to raise all available non-frivolous issues. *Id.* at 334. The brief filed in Petitioner's direct appeal reflects that appellate counsel raised seventeen (17) propositions of error equally meritorious to those

which were omitted and are at issue here. We cannot find that appellate counsel's omission of the issues in question rendered his performance unreasonable under prevailing professional norms. Accordingly, because Petitioner has not established that appellate counsel's performance was deficient, his substantive claims remain procedurally barred.

¶6 In Propositions I, III, IV, V, VII, VIII and IX, Petitioner also argues ineffective assistance of trial counsel. Ineffective assistance of trial counsel claims are properly before this Court only if they require fact-finding outside the appeal record. 22 O.S.Supp.1995, § 1089(D)(4)(b)(1). The category of items requiring fact-finding outside the direct appeal record does not include those items that trial counsel had the ability to discover. *McGregor v. State*, 935 P.2d 332, 335 (Okl.Cr.), *cert. denied*, —— U.S. ——, 117 S.Ct. 2489, 138 L.Ed.2d 996 (1997). Moreover, "[s]tated in prohibitive terms, this Court may not review [Petitioner's] post-conviction claims of ineffective assistance of trial counsel if the facts generating those claims were available to [Petitioner's] direct appeal attorney and thus either *were* or *could have been* used in his direct appeal." *Walker*, 933 P.2d at 332 (footnote omitted) (emphasis in original).

■ ¶7 Here, claims of ineffective assistance of trial counsel were raised and addressed on direct appeal and are therefore barred by *res judicata*. 22 O.S.Supp.1995, § 1089(C)(1). Even though the content of Petitioner's arguments are different from those presented on direct appeal, this Court still cannot address them. *Id.* at 332. We made it clear that the mere absence of these claims from the direct appeal record was not sufficient: the claim would still be waived if "the facts contained in them were available to his direct appeal attorney and could have been argued on direct appeal." *Id.* Because Petitioner's ineffective assistance of trial counsel claims do not turn on facts or information unavailable at the time of his direct appeal, he has failed to meet the pre-condi-

Bright, was interviewed at the same time as cellmate Maytubby who testified as to Petitioner's confession. The police reports also revealed that a tape recording was made of Bright's interview and an interview with the victim's boyfriend

who first advised the Police that Maytubby and Bright overheard Petitioner's confession. However, Petitioner has failed to prove that trial and appellate counsel could not have likewise discovered this evidence.]

tions for review and therefore, review of the claims are barred.

¶ 8 In Proposition VI, Petitioner contends that Oklahoma's clemency scheme, as currently applied, denies death sentence petitioners even the most basic Procedural Due Process, and that the execution of him with such a scheme in place would violate his rights to Due Process of law under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. This issue was addressed and rejected in our recent decision in *Douglas v. State*, 1998 OK CR 12, ¶ 11, 953 P.2d 349 (1998). This proposition is denied.

57 9 In Proposition X, Petitioner challenges the constitutionality of the recent amendments to the Oklahoma capital post-conviction procedures. He urges this Court to overrule *Walker, supra*, declare Sections 1089(D)(4)(b)(1) and (2) unconstitutional, and apply the *Strickland* [12] analysis in its uncorrupted form to his claims of ineffective assistance of appellate counsel. As conceded by Petitioner, these claims have been consistently rejected by this Court [13] and we see no need now to reconsider them. This proposition is denied.

■ ¶ 10 We now address Petitioner's request for an evidentiary hearing to resolve all factual issues he claims are in dispute. We have held that post-conviction applicants are not entitled to evidentiary hearings; further, the new capital post-conviction statute *does not specifically address motions for evidentiary hearings.* Under the statute, it is this Court's responsibility to assess the propositions raised and determine whether "controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist." 22 O.S.Supp.1995, § 1089(D)(4)(a)(1). If such factual controversies are encountered, this Court is free to issue an order for an evidentiary hearing to facilitate post-conviction review. In analyzing Petitioner's propositions of error and his request for an evidentiary hearing, we have found no material factual issues that would warrant an evidentiary hearing. Additionally, to the extent that Petitioner wants an evidentiary hearing to determine the effects on his case of the procedural changes in post-conviction proceedings, this Court has determined that this is not an appropriate issue for an evidentiary hearing. *Bryan v. State*, 1997 OK CR 69, ¶ 11, 948 P.2d 1230, 1235 (1997). Thus, Petitioner's request for an evidentiary hearing is denied.

■ ¶ 11 We next address Petitioner's requests for discovery. He claims "broad authority for discovery" is provided by 22 O.S.Supp.1995, § 1089(D)(3). We addressed this allegation in *Hatch*, where we held "this Court does not have the authority to grant general discovery requests absent a showing the request is related to an issue which could have been raised within the scope of Section 1089." *Hatch v. State*, 924 P.2d 284, 295 (Okl.Cr.1996). Petitioner also makes specific requests for discovery. He claims that his ability to raise meaningful post-conviction claims and to support the claims set forth in this Application is conditioned upon his ability to discover various documents now supposedly in possession of the State, Oklahoma County District Attorney, the Governor and officials of his office, and the Oklahoma City Police Department. These documents include, but are not limited to, tapes of all interviews as detailed in Proposition VIII. Petitioner also makes specific requests for admissions, interrogatories, depositions and production of documents in the custody and control of the individuals sought to be deposed.

¶ 12 This Court has never allowed unfettered discovery in post-conviction proceedings. *Rojem v. State*, 925 P.2d 70, 74 (Okl. Cr.1996). Moreover, the new post-conviction statute in no way broadens a petitioner's discovery rights. We find Petitioner has

---

12. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984).

13. *Walker,* 933 P.2d 327; *Hooker v. State,* 934 P.2d 352 (Okl.Cr.1997); *LaFevers v. State,* 934 P.2d 356 (Okl.Cr.1997); *Mitchell v. State,* 934 P.2d 346 (Okl.Cr.), *cert. denied, —— U.S. ——,*

117 S.Ct. 2489, 138 L.Ed.2d 996 (1997); *McGregor,* 935 P.2d 332; *Rogers v. State,* 934 P.2d 1093 (Okl.Cr.1997); *Cannon v. State,* 933 P.2d 926 (Okl.Cr.1997); *Wallace v. State,* 935 P.2d 366 (Okl.Cr.), *cert. denied, —— U.S. ——,* 117 S.Ct. 2489, 138 L.Ed.2d 996 (1997).

waived any right he may have had to discover the now sought after documents. *See* Rule 9.7(D)(3), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (1996). Petitioner's request for discovery is denied.

¶ 13 Petitioner claims in his eleventh proposition of error that the cumulative effect of the errors in his case violate his rights and constitute a denial of due process and fundamental fairness. Because we have found that the claims raised in this application are either waived, procedurally barred, or without merit, we find no cumulative error that warrant relief. *Mitchell v. State,* 934 P.2d at 351.

¶ 14 We have carefully reviewed Petitioner's application for post-conviction relief and his requests for discovery and for an evidentiary hearing, and find that he is not entitled to relief. The Application for Post–Conviction Relief, Requests for Discovery and for Evidentiary Hearing are **DENIED.**

## DECISION

¶ 15 Petitioner's Application for Post-Conviction Relief is **DENIED.**

CHAPEL, P.J., and STRUBHAR, V.P.J., concur.

LUMPKIN and LANE, JJ., concur in results.

LUMPKIN, Judge, concurs in results.

¶ 1 I concur, based on *stare decisis,* in the discussion dealing with ineffective assistance of counsel. See *Walker v. State,* 933 P.2d 327, 341–344 (Okl.Cr.1997) (Lumpkin, J.: Concur in Results).

¶ 2 I have reviewed Petitioner's application, together with the argument and authority provided. In accordance with the criteria set out in *Braun v. State,* 937 P.2d 505, 511–514 (Okl.Cr.1997), I concur with the Court's decision that counsel's performance was not deficient and the underlying substantive claims sought to be raised by petitioner are procedurally barred.

¶ 3 In addition, it should be noted the criteria set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for evaluating effectiveness of counsel has been further explained in *Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Applying the *Lockhart* standard, the record is void of any evidence the trial was rendered unfair and the verdict rendered suspect of unreliable.

LANE, Judge, concurs in results.

¶ 1 I concur in results by reason of *stare decisis.* I maintain my disagreement with the majority in its interpretation of the new post-conviction relief statute as I expressed in *Conover v. State,* 1997 OK CR 39 ¶¶ 1–5, 942 P.2d 229, 234–35, (Lane, J., concur in result).