**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 30, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILLIAM DEAN PHILLIPS, JR.,

        Petitioner - Appellant,

v.

STATE OF OKLAHOMA; GREG
WILLIAMS,

        Respondents - Appellees.

No. 10-6032
(W.D. Oklahoma)
(D.C. No. 5:08-CV-01248-M)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **MURPHY**, **GORSUCH,** and **HOLMES**, Circuit Judges.

Proceeding *pro se*, William Dean Phillips, Jr., seeks a certificate of
appealability ("COA") from this court so he can appeal the district court's denial
of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A)
(providing that no appeal may be taken from a final order disposing of a § 2254
petition unless the petitioner first obtains a COA). Because Phillips has not
"made a substantial showing of the denial of a constitutional right," this court
**denies** his request for a COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

Phillips was convicted by an Oklahoma jury of first degree murder and sentenced to life imprisonment without the possibility of parole. Phillips appealed the conviction and sentence, raising (1) numerous challenges to the jury instructions, (2) a claim that victim impact evidence was improperly admitted, (3) an allegation of prosecutorial misconduct, and (4) a cumulative error argument. The Oklahoma Court of Criminal Appeals ("OCCA") considered Phillips's arguments, but affirmed his conviction and sentence.

Proceeding *pro se*, Phillips filed an application for post-conviction relief in Oklahoma state court. In the post-conviction application, Phillips claimed he was denied the effective assistance of both trial and appellate counsel. The state district court denied Phillips's application, concluding the ineffective assistance of trial counsel claims were waived because they were not raised on direct appeal and further concluding Phillips failed to show deficient performance on the part of his appellate attorney. *See Strickland v. Washington*, 466 U.S. 668, 677-78 (1984); *Boyd v. State*, 915 P.2d 922, 924 (Okla. Crim. App. 1996). The OCCA summarily affirmed the denial of post-conviction relief in an unpublished order.

Phillips filed the instant § 2254 habeas application on November 19, 2008, and an amended application on March 31, 2009. In his amended application, Phillips raised the following eight claims of error: (1) the jury instructions were contradictory, confusing, and lowered the state's burden of proof, (2) the trial court refused to give a lesser-included instruction on manslaughter, (3) the trial

court omitted part of the model jury instruction on the issue of flight, (4) the trial court violated his right to due process by failing to instruct the jury on the cautionary use of eyewitness identification, (5) the trial court erroneously allowed impermissible victim impact evidence and inflammatory prosecutorial comments, (6) the jury was not instructed that he would be required to serve 85% of his sentence before becoming eligible for parole, (7) cumulative errors resulted in the denial of due process, and (8) appellate counsel was ineffective for failing to assert a claim of ineffective assistance of trial counsel on direct appeal. A federal magistrate judge addressed each of Phillips's claims in a comprehensive report and recommendation. The district court adopted the magistrate judge's recommendation and dismissed Phillips's § 2254 application.

The court began by noting that Phillips's first seven claims were raised on direct appeal. Thus the standard for reviewing those claims was governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2254(d)(1). As the court recognized, Phillips's claim that he was entitled to a lesser-included instruction, however, is not cognizable in a federal habeas corpus proceeding. *See Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) ("The Supreme Court has never recognized a federal constitutional right to a lesser included offense instruction in non-capital cases and neither has this court." (citation omitted)). The court next concluded that Phillips's claims of error based on the jury instructions involved, in part, only allegations of state law error and,

thus, were not cognizable in a federal habeas corpus proceeding. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). However, to the extent those claims also implicated Phillips's federal constitutional rights, the court concluded Phillips failed to demonstrate his trial was rendered fundamentally unfair and, thus, he was not entitled to relief even assuming error. *See Maes v. Thomas*, 46 F.3d 979, 984 (10th Cir. 1995) ("A state conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial.").

The district court then reviewed Phillips's claims related to the admission of victim impact evidence, including comments made by the prosecution, and Phillips's other allegations of prosecutorial misconduct. The court concluded Phillips failed to show how any of the challenged comments or evidence rendered his trial fundamentally unfair. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 642-48 (1974); *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002); *Cummings v. Evans,* 161 F.3d 610, 618 (10th Cir. 1998). In sum, the district court concluded the state courts' adjudication of Phillips's first seven claims was not contrary to, nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d). Finally, the district court considered Phillips's claims of ineffective assistance of appellate counsel on the merits, concluding Phillips was unable to meet his burden under *Strickland*. *See* 466 U.S. at 677-78.

To be entitled to a COA, Phillips must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Phillips has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id*. at 338. Although Phillips need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Phillips's appellate brief and application for COA, the Report and Recommendation, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Phillips is not entitled to a COA. The district court's resolution of Phillips's habeas application is not reasonably subject to debate and his claims are not adequate to deserve further proceedings. Accordingly, Phillips has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Phillips's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge